## *Ex parte*, TURK.

THE Testatrix directed her executors to invest $2000 for the benefit of M. for life; and on the death of M., to "pay or transfer" the fund "unto all and every, the child or children of M., lawfully born or to be born, to be divided between or among them, share and share alike;" the shares oɪ the daughters "to become vested" on their respectively attaining the age of 21, or on marriage; and the shares of the sons "to become vested" at 21; and "to be paid or transferred at such age or ages, time or times as aforesaid, to such of the said daughters or sons of M., as shall arrive at or attain the same, after the decease of M.; but as to such of them as shall arrive at, or attain such age or ages, time or times as aforesaid, in the lifetime of M., the payment or transfer of his, her, or their share or shares, to be postponed till after the decease of M." Held that I., a son of M., who survived the testatrix, attained majority, and married, but died before the

death of M., took a vested interest in the legacy, transmissible to his personal representatives; and that his share did not survive to his brothers and sisters.

THE SURROGATE.  On the final accounting of the executor, a question is presented as to the construction of the will of the deceased.  After directing her executors to invest upon bond and mortgage, the sum of two thousand dollars "for the benefit of her daughter Magdalena, and of her children," her daughter to receive only the interest during her life, the will provides that on the decease of Magdalena, the executors shall "pay or transfer" the fund "unto all and every, the child or children of my said daughter Magdalena, lawfully born or to be born, to be divided between or among them, share and share alike," the shares of the daughters "to become vested" on their respectively attaining the age of 21, or on marriage; and the shares of the sons "to become vested" at 21; and "to be paid or transferred at such age or ages, time or times as aforesaid, to such of the said daughters or sons of my said daughter Magdalena, as shall arrive at or attain the same, after the decease of my said daughter; but as to such of them as shall arrive at or attain such age or ages, time or times as aforesaid, in the lifetime of my said daughter Magdalena, the payment or transfer of his, her, or their share or shares, to be postponed till after the decease of my said daughter Magdalena."

John, a son of Magdalena, attained majority, married, and died before the death of his mother, and the point now is, whether he took a vested interest in this legacy, transmissible to his representatives, or whether that share goes to his surviving brothers and sisters.  The will contains a clause of survivorship, providing, in case of the decease of any of the sons under 21, that his share shall accrue to the survivors.

As a general rule, where the *gift* of a legacy is made dependent upon a particular event, the legacy does not

vest until the event occurs.    But where the *bequest* is general or absolute, and a specific time or contingency is prescribed for the *payment*, the legacy vests *instanter*, and it is only the payment that is deferred.    (*Bolger* vs. *Mackell*, 5 *Vesey*, 509.)    So, also, where the whole gift is contained in a direction to executors, to pay or divide at a future time, or on a certain event, the vesting often does not take place till the time arrives, or the event happens. (*Leake* vs. *Robinson*, 2 *Meriv.*, 387.)

In the case now before me, the gift is contained in a direction to the executors, how to dispose of a fund severed from the rest of the estate, but the gift is absolute, and is disconnected from the time of payment, so that the time of payment does not control the time of vesting.    And the testatrix would seem to have been aware of the rule which would in such a case vest the shares, though the precise event upon which she made the payment to depend should never arrive.    The will appears carefully drawn, to prevent an immediate vesting, and to defer and fix the time for that purpose.    The testatrix expressly settles that the shares shall vest in right, though not in possession, when the sons attain the age of 21.    But for this clause, in my opinion, these shares would have become vested interests on the decease of the testatrix.    The payment she postpones in any event, until after the death of her daughter, but in the most precise, positive, and definite form, and with accurate legal phraseology, she declares that the shares shall "*become vested*," as to the grandsons, when they reach their majority.    John, one of the grandsons, did attain full age, and his share became vested ; *debitum in presenti, solvendum, in futuro*, a present debt payable after the decease of his mother.    Being vested, it is immaterial whether he died before or after his mother ; if he had lived, the payment would have been made to him ; being dead, his representatives are entitled to it.

The clause of survivorship strengthens this view.    It provides only for the death of a son before 21, the age upon

which vesting was made to depend, implying, therefore, that before that time a lapse might occur, but not after.

Looking at the terms of the will and the careful manner in which it is evidently drawn, I cannot but think that its provisions and language have been adapted to meet the very contingency and the particular question which have now arisen; and that the testatrix has designed to control the rule of law which would have vested the shares immediately on her own decease, by specially annexing the *gift* of the shares to the attainment of a certain age, and by making the payment depend upon another and different circumstance, the death of the legatees' mother.

I think the case a plain one, but it may be useful to cite some authorities illustrating the principle. In *Jackson* vs. *Jackson*, 1 *Vesey Sen.*, 217, the legacy was to the son of the testator, to be paid at the death of his mother. The son died before his mother, and Lord Hardwicke decided, that the legacy was vested. In *Monkhouse* vs. *Holme*, 1 *Bro. C. C.*, 298, the testator gave by his will £800 to trustees, to pay the interest to his wife for life, and after her death, £100 thereof to J. M. J. M. died after the testator and before the widow, and Lord Rosslyn decided, that he took a vested interest in the legacy. In *Blamire* vs. *Geldart*, 16 *Ves.*, 314, the legacy was to G. P., £200, on " my wife's decease." The legatee died before the wife, and it was held that the legacy vested on the death of the testator. In *Shattuck* vs. *Stedman*, 2 *Pick.*, 468, the testator gave to his niece the interest for life in a fund, and at her decease, directed the principal to be divided among her children, to be paid on attaining 21. The Court held that the bequest vested in the children on the death of the testator, and did not depend upon their surviving their mother. In *Skey* vs. *Barnes*, 3 *Meriv.*, 340, the deceased gave a fund to trustees in trust to pay the interest to his daughter for her life, and after her death, to divide the principal among her children equally; if but one, then to such only child; the shares of sons to be paid on reaching 21, and of daughters, at their

15

respective ages of 21, or marriage. One of the children having survived the daughter, died under 21, unmarried; and Sir W. Grant held, that the shares vested immediately in the children on the death of the testator. In *Templeman* vs. *Warrington*, 13 *Simon.*, 267, a residue was bequeathed in trust for a niece of the testatrix for life, and after her death, to be equally divided among her children. The niece had eleven children, three of whom survived the testatrix, but died before the niece; and it was held that all the children, inclusive of the three, took vested interests.

It thus appears, that but for the clause in which the testatrix in the present case has fixed the time when the shares of her grandchildren shall vest, they would have vested immediately on the decease of the testatrix. It is very obvious, therefore, that John, one of the grandsons, having died after the testatrix, and after attaining the age of 21, took a vested interest in his share, which passed on his death to his personal representatives, and is now payable to them.