## CARMICHAEL *v.* CARMICHAEL.

December, 1868.

The terms of the will gave all testator's estate to his wife for her life, after her death, a remainder to testator's children who might then be living, share and share alike, the share of one son, named, to be held and invested by testator's executor, during the life-time of said son, and the income paid over to him, &c.

*Held*, that the latter clause did not give the son a vested interest on testator's death; but the son, like the other children, took only in case he survived at the widow's death.

Phœbe Ann, executrix of Otis, the son of Daniel Carmichael, brought this action in the supreme court, against Eliza, executrix of said Daniel Carmichael, the father, to compel an account and payment of a share of the estate claimed under the will of Daniel.

Daniel Carmichael died September 3, 1849, leaving the defendant, his widow, and six children, him surviving. The eldest of them (Otis) was the child of a first marriage. He did not live with his father, but lived in Middletown, in this State, where his father provided for him. At the time of his father's death, he was an invalid, and he died about two years afterward. He married the plaintiff soon after his father's death, the engagement having been made prior to that event; he left one child. Daniel Carmichael, shortly previous to his death, and while suffering from his last sickness, made a will, of which the following is a copy, omitting formal parts:

"After the payment of all my debts, I give, devise and bequeath all and singular my estate and property, of whatsoever kind, and wheresover the same may be situate, unto my beloved wife Eliza, for and during the term of her natural life;

and from and after her decease, then I give, devise and bequeath the same unto my children, who may then be living, in equal parts, share and share alike—it being distinctly understood that the part or share of my son, Otis Carmichael, under said division or appropriation, shall be held and invested by my surviving executor, his heirs and assigns, in trust, to keep the same well and securely invested during the lifetime of my said son, and to pay over to him, my said son, the rents, income and interest thereof as received, and to dispose of and apply the principal of said share as my said son may by his last will and testament, or any instrument in the nature thereof, direct, limit and appoint. And in default of such direction, then to the right heirs of my said son, under the intestate laws of New York."

The testator appointed his wife Eliza, and Isaac Otis, executrix and executor.

The will was admitted to probate in October, 1849, before the surrogate of Broome.

Otis Carmichael, previous to his death, made a will, by which he gave to his wife (the plaintiff) the annual sum of five hundred dollars during her natural life; and he further gave unto her, in trust, for the maintenance and education of his son, all the annual proceeds of his real and personal property, until his son should attain the age of twenty-one years. He secondly devised and bequeathed unto his son, all his real and personal property, subject to the annual payments given to his wife.

This action was brought by the widow of Otis, for the purpose of compelling the defendant, executrix of the will of Daniel Carmichael, to render an account of his property and effects, which may have come into her hands as such executrix; and it was prayed that, after the accounting, the fund might be divided, and that defendant be adjudged to pay over to plaintiff, one-sixth part of the estate of Daniel Carmichael, with interest thereon from January 1, 1850.

The defendant demurred to the complaint, upon the grounds, first, that the plaintiff had no legal capacity to sue; and, second, that the complaint did not state facts sufficient to constitute a cause of action. The plaintiff insisted that it was apparent

from the circumstances of the invalid son, the gift of income, &c., that the testator's intent was that the later clause should control the earlier, and vest the gift to the son at the testator's death.

*The supreme court,* in an opinion by GILBERT, J., sustained the demurrer, holding that the testator's intent was clearly, 1, that the estate should not vest in remainder till the widow's death; and, 2, that it should then vest only in those of his children who should be then living.

Plaintiff appealed to this court.

*Gilbert O. Hulse,* for plaintiff, appellant.

*John C. Dimmick,* for defendant, respondent;—Insisted that the heir of Otis should have sued or joined. That the legacy had not vested; citing 1 *Jarm. on W.* 760; Gilman *v.* Reddington, 24 *N. Y.* 9; Crosby *v.* Wendell, 6 *Paige,* 548; Hamlin *v.* Osgood, 5 *Redf. Surr.* 409; Jackson *v.* Winne, 7 *Wend.* 47; Onley *v.* Hull, 21 *Pick.* 311. That the intent must be gathered from the will, not from the surrounding circumstances, Mann *v.* Mann, 14 *Johns.* 1; Jackson *v.* Luquere, 5 *Cow.* 221; Arcularius *v.* Geisenhainer, 3 *Bradf.* 64; Sweet *v.* The Same, *Id.* 114; Crosby *v.* Wendell, above; Bunner *v.* Storm, 1 *Sandf. Ch.* 357; Wolfe *v.* Nostrand, 2 *N. Y.* (2 *Comst.*) 436.

CLERKE, J. [After stating the above facts.]—The demurrer was properly sustained. The widow of Daniel Carmichael is living, and, by the express provision of his will, she is entitled to all the use and enjoyment of his property during the term of her natural life; and she is under no obligation to account to any of the children, for the purpose of having it divided among them. The estate does not vest in remainder until her death; and then it vests only in those children who shall be living at the time of her death. The plaintiff, under the will of Otis Carmichael, acquired no estate or interest in the property of Daniel Carmichael, and has, in fact, no standing in court.

The judgment should be affirmed, with costs.

All the judges concurred in affirmance.

Judgment affirmed, with costs.