Shuart, Surrogate.
I think the eight children of the testator became entitled, on his death, to a vested remainder in the $3,500, the income of which was, by the first clause of his will, bequeathed to his wife, “ and upon her death ” to his eight children, “ or the survivor or survivors of them.”
The will speaks from the death of the testator. The rights of all claiming under or in opposition to it, hinge upon that period of time. There must be something in the provisions of the will in conflict with this principle, to prevent its application to those claiming under it.
At the death of this testator there was no uncertainty in the right of enjoyment by these eight children of the principal of this legacy, but it was uncertain whether they would all live to come into actual possession of it.
They might not survive the tenant for life, but it was not made a condition that they should survive, in order to enjoy the estate.
The eight children had a present capacity to take, if the possession became vacant.
The time of the enjoyment is simply postponed until such possession became vacant (Williamson v. Field, 2 Sandf. Ch. 553).
The legacy is not bequeathed to such of the children as should survive the wife.
*442 It is a legacy bequeathed and made payable at a future period of time, viz., “upon the death of the wife.”
It is not given to take effect, provided the legatee shall be alive at the death of the wife. If the wife had died before the testator, the legacy would have vested at once, upon the death of the testator.
The testator has not affixed time to the substance of the legacy, and made the legatee’s right to depend on his being alive at the time fixed for payment. Whenever the possession of the particular estate, by the tenant, becomes vacant, the children become entitled to their previously unpossessed vested estate in remainder.
The words “after” the death of the wife and “ upon” the death of the wife, or the like expressions, do not make a contingency, but merely denote the time of the commencement of the enjoyment of the remainder (Johnson v. Valentine, 4 Sandf. 36).
A legacy bequeathed to a minor, payable “upon” his arrival, or “at” his arrival at the age of twenty-one, vests immediately upon the testator’s death. It is “ debitum in presentí solvendum in futuro.”
Not so if the legacy is bequeathed to the minor, payable “provided he shall,” or, “if he shall,” or, “in case he shall” arrive at twenty-one. Then the legacy lapses, if he die during minority. In the former case, however, it would pass to his legal representatives. I am unable to distinguish this case from Moore v. Lyons (25 Wend. 119), which seems to have been followed with uniformity in subsequent cases in this State. It is true, in that case there was a devise of real estate, and after the words “survivors or survivor of them,” the words “ their heirs and assigns forever” was added, but those words did not enhance the quality of the estate, or give additional force to the expression of the testator’s intention, because they were *443 entirely supererogatory, no words of perpetuity being necessary to convey or devise a fee, and as I understand the case of Moore v. Lyons, the same rule of construction prevails, whether real or personal property is the subject of the devise or bequest.
In Lovett v. Buloid (3 Barb. Ch. 145), the construction of the will, which refers “ the survivorship to the death of the testator, and not to the termination of the particular estate, is held proper,” “where such construction is necessary to give effect to the probable intentions of the testator in providing for the surviving issue of such of the .objects of his bounty as may happen to die during the continuance of the particular estate.”
This view of the chancellor would seem to apply with the same force to the fifth clause of the will in this case.
In note a (4 Kent's Com. 203), it is said : “ Survivorship is referred to the period of the death of the testator, if there be no special intent manifest to the contrary, so as not to cut off the heirs of the remainder-man who should happen to die before the tenant for life. They are vested, and not contingent remainders. This is now become the settled technical construction of the language, and the established English rule of construction. Doe ex dem. Waring v. Prigg (8 Barn. & Cress. 231), and the decision of Sir Joinsr Leach in Cripps v. Wolcott (4 Madd. 11), is overruled.”
In Young v. Robertson (H. of L., 8 Jur. N. S. 835 [Feby. 14, 1863],), it is said in head-note “ to be a settled rule of construction that words of survivorship in a will should be referred to the period appointed by that will for the-payment or distribution of the subject-matter of the gift.”
However the “established rule of construction” might be applied to the case in hand, I think this case must be governed by the rule adopted in Moore v. *444 Lyons, followed as it is in the subsequent cases in our reports.
In the case of Carmichael v. Carmichael (1 Abb. Ct. App. Dec. 309), the terms of the will gave the testator’s estate, to his wife for her life, after her death the remainder to testator’s children who might then be living, and the widow and executrix of one of the testator’s children brought an action against the widow and executrix of the original testator, to compel an accounting and payment of the share of such child. The court very properly sustained a demurrer to the complaint. The authority is not in conflict with Moore v. Lyons (supra).
It is said, “If the children had died prior to the death of the widow, the whole legacy would have lapsed. In such case the issue of the several children would have taken the $3,500, not under the bequest in question, but under the residuary bequest, which gave vested interests in the eight children in all the estate, not otherwise effectually disposed of by the will.” (Opinion Judge H. B. Seldest, submitted with brief herein.)
It may be asked when would these interests vest in the eight children f Either (if the argument is sound) at the death of the testator or not at all. In the case put, none of the eight children survive the tenant for life—consequently the residuary devise and bequest lapse and become part of the general estate—because, as is claimed, there is no one to take who answers to the description “or to the survivors of them.”
Does not the testator then die intestate quoad $3,500, as if at the time of the death of the widow in the case put, and if the construction be sound, and do not the issue of his deceased children take as his heirs at law, and next of kin, and not under the residuary bequest ; which must be regarded as ineffectual, because *445 there is no vested interest until the death of the widow, and no “ gift ” to any one but her until then.
Is not this the logical result of so construing the clauses of the will in question %
It is almost needless to add, that courts always, if it can consistently be done, construe wills to prevent intestacy ; and remainders as vested rather than contingent.
NOTE ON VESTING.
See also Betts v. Betts (4 Abb. New Cas. 317). The following decisions further illustrate the rule.
“After the decease of my said sister, Polly Carter, I give and bequeath said $3,000, hereinbefore devised to my sister, Polly Carter, to the lawful heirs of my brother, Medad Prisbie, in equal proportion.” This bequest is not void, but the legacy did not vest until the death of Prisbie, the interest accruing thereon after the death of Polly Carter, and before that of Prisbie, going to the residuary legatee. Cushman v. Horton, 59 N. Y. 149; rev’g 1 Hun, 601; S. C., 4 Sup'm Ct. (T. & C.) 103.
Lands were devised to the testator’s nephew for life, and upon his death to his male heirs which he now lias, or may have hereafter. The sons living at the death of the testator took vested remainders, subject to open and let in after-born sons, who took vested interests on their births. Conklin v. Conklin, 3 Sandf. Ch. 64.
A remainder given to the children of A., with habendum clause to the heirs of A., gave them a vested remainder at the testator’s death. Rogers v. Rogers, 3 Wend. 505.
A bequest of the income of an estate .to testator’s children until the youngest child shall become of age, and then the estate to be divided between them, creates a vested interest upon the testator’s death. Van Wyck v. Bloodgood, 1 Bradf. 154.
A grant to A. for life, and after his decease to his heirs and assigns forever, gives to A.’s children a vested interest, although liable to open to let in after-born children. Moore v. Littel, 41 N. Y. 66.
An estate is vested where there is a person in being who will take at present if the precedent estate should now terminate. Sheriden v. House, 4 Abb. Ct. App. Dec. 218.
A gift of the principal, upon the death of the tenant for life, creates a vested interest in the legacy upon the death of the testator. Barker v. Woods, 1 Sandf. 129.
When the gift of a legacy is absolute, and the time of payment *446 only postponed, the legacy vests upon the death of the testator. Patterson v. Ellis, 11 Wend. 25.
A bequest to a minor of the interest of a certain sum, said sum to be paid to him on his attaining the age of twenty-one, creates a vested legacy. Wayman v. Ringold, 1 Bradf. 40.
After a bequest to a tenant for life, the will gave upon her death the residue to her children, to become vested upon their becoming of age,—Held, that a child becoming of age before the death of the tenant for life, had a vested interest in the legacy. Ex parte Turk, 1 Bradf. 110.
From and after the decease and death of my beloved wife, I give, &c., “to all my children and to their heirs and assigns, to be equally divided share and share alike; and should any of my children die and leave lawful heirs, such heirs to receive the parent’s portion,” —Held', that the estate vests at the testator’s death in those who survive him. Livingston v. Greene, 52 N. Y. 118.
The will of the testatrix devised certain real estate to trustees, in trust, to pay the income to her grandson during his life, and to convey the same to his lawful issue living at his death,—Held, that the children took a vested remainder as they were born respectively, which remainders were liable to be divested by death in the lifetime of the tenant for life, and were subject to open to let in after-born children. Williamson v. Field, 2 Sandf. Ch. 533.
The will of the testator, after several bequests, gave the residue of his estate to his executors in trust, to pay the interest to two brothers and two sisters during their “ joint lives,” and after their “ several deaths ” to divide the said estate among their children. In case of any of the brothers or sisters dying, their portion of the income to go to their children. The interests of the children did not vest, but were future and contingent, depending upon surviving all the specified brothers and sisters. Colton v. Fox, 67 N. Y. 348.
The testator made a will which contained a devise to the executor in trust, to pay the income of the estate to his brother, and upon his death to his two sisters, and upon their death the whole estate to pass to the child or children of one of his sisters, or, in the case of her dying without issue, to Columbia College. Under this there is no vested estate in the remainder until the death of the tenants for life. Knox v. Jones, 47 N. Y. 389.
After a devise to a tenant for life, followed the words “then to be equally divided amongst her now surviving children, or any of them that may be alive at her decease, or to the heirs of any that may be dead at the time of executing this, my last will.” The word executing, is intended to refer to the time when the will takes effect, *447 by vesting the estate in possession at the death of the tenant for life. Scott v. Guernsey, 48 N. Y. 121.
A gift which will vest under these rules is not prevented from vesting by the fact that it is in trust (Van Wyck v. Bloodgood, 1 Bradf. 154, 175). Nor by the fact that it is subject to open and let in after-born children. Sheriden v. House, 4 Abb. Ct. App. Dec. 218; Moore v. Littel, 41 N. Y. 66.