## LILLIAN M. SMITH, PLAINTIFF, *v.* CHARLES LAWRENCE AND OTHERS, DEFENDANTS.

*Will* — *a devise to one for life, and after her death "to the children which she now has, or may hereafter have living at the time of her death."*

Elias Smith died leaving a will, by the fourth clause of which he gave to his daughter, Phebe T. Lawrence, certain lands for life; and by a subsequent clause he devised these lands, after her decease, "to the children which she now has, or may hereafter have living at the time of her death, as tenants in common, to them, their heirs and assigns forever."

When the testator died Phebe T. Lawrence was living and had three children. She survived them all, but left grandchildren.

In an action of partition affecting the premises in question:

*Held,* that the grandchildren took the share of Phebe T. Lawrence.

That the testator contemplated a gift over to two classes of his daughter's children: First. To those already in being who were to take in any event. Second. To those born subsequently, and who, in order to take, must survive their mother.

That the remainders to the first class vested when the life estate vested in Phebe T. Lawrence, and upon the death of those in the first class passed to their children.

MOTION for a new trial upon the pleadings, the decision and exceptions to the findings and refusals to find, taken by the defendant Sarah J. Smith, and upon the case and the interlocutory judgment, entered in the above-entitled action June 9, 1892, as amended by an order, entered August 12, 1892, after a trial before the court at the Suffolk Special Term.

The action was brought for the partition of certain land.

In 1872, while the property was held by the life tenant, Phebe T. Lawrence, the Smithtown and Port Jefferson Railroad was constructed, passing over some of the lands in question. A sum was awarded for damages, of which the interest was to be paid Phebe T. Lawrence during life. After her death, and in June, 1890, Anna W. Brown, a defendant in this action, made a motion for the payment of this money, of which motion notice was given to Sarah J. Smith among others. Mr. Justice BARTLETT then wrote an opinion, which is the one referred to in the opinion at General Term, and is as follows:

### N. Y. SUPREME COURT — SUFFOLK COUNTY.

IN THE MATTER
OF
THE APPLICATION OF THE SMITHTOWN
AND PORT JEFFERSON RAILROAD
COMPANY TO ACQUIRE TITLE TO LAND
OF PHEBE T. LAWRENCE, WILLIAM
C. LAWRENCE AND OTHERS, DEVISEES
AND HEIRS OF ELIAS SMITH, DECEASED.

BARTLETT, J. Elias Smith died in 1839, having made a will by the fourth article of which he devised certain lands to his daughter Phebe T. Lawrence for life. The will disposed of the subsequent estate in these words: "I give and devise the aforesaid several tracts of land, after the decease of my daughter, Phebe T. Lawrence, to the children which she now has or may hereafter have living at the time of her death, as tenants in common to them, their heirs and assigns forever."

At the time of the execution of the will and of the death of the testator, Phebe T. Lawrence had three children living. (See recitals in order of March 4, 1872.) They all died before her, two of them leaving descendants. She died on June 30, 1889. The question presented by this application is whether the descendants of her children take anything under the provision which has been quoted from the will of Elias Smith.

I think they do, both upon a grammatical construction of the language employed by the testator and upon the authority of the decision of the Court of Appeals, in the *Matter of the Estate of Brown* (93 N. Y., 295).

According to a literal interpretation of the words used the testator seems to have contemplated a gift over in which two classes of his daughter's children should participate, first, those already in being at the time he made his will; and, secondly, those who should be born subsequently and should survive their mother. The first class were to take in any event; that is to say, the remainder vested in them, as soon as the life estate vested in the mother. The second class, could not take unless they were living at the time the life estate terminated by the mother's death.

The will clearly separates by the disjunctive or the children which she has from those which she may hereafter have, and the phrase, "living at the time of her death" is apparently designed to apply only to the latter class, thus having reference not to children in existence, when the will was executed but to such children, if any, as should come into existence afterward. In further confirmation of the correctness of this view, it should be noted that it was wholly unnecessary for the testator to speak of the children which his daughter then had (at the time of the making of the will) if his purpose had been merely to make a devise over to those who should be living when their mother died. It would have been enough to devise the remainder to the children of Phebe T. Lawrence, living at the time of her death.

Now, under the rule laid down in the *Matter of the Estate of Brown* (*supra*), the right of the issue of the deceased children of Phebe T. Lawrence to take the remainder limited upon the mother's life estate must be maintained if the testamentary provision in question is capable of a construction which will lead to that result. There the testator bequeathed and devised the remainder over "unto such child or children as my said daughter *shall have* or leave living at her decease." The Court of Appeals, as was said in the later case of *Patchen* v. *Patchen* (121 N. Y., 432, 435), solved this ambiguous expression by reference to other provisions of the will and to the preference which the law gives to the participation of issue in a remainder. In the case at bar we have a similar ambiguity which I think can well be solved by adopting the construction which has been suggested.

Motion granted.

*George W. Sandford,* for the defendant, S. J. Smith.

*N. S. Ackerly,* for the defendant, A. W. Brown.

*A. A. Spear,* for Thomas S. Strong, guardian *ad litem,* for Clara L. Smith.

*Thomas S. Mount,* for the plaintiff, opposed.

*R. H. Smith,* for the defendant, James W. Phyfe, opposed.

PRATT, J. :

The material question in this case involves the construction of the fourth clause of the will of Elias Smith, deceased, which is as follows, to wit :

*Fourth.* " I give and devise to my daughter, Phebe T. Lawrence, during her natural life, the eastern part of the farm where I now live," etc. ; also three other tracts of land ; also equal undivided one-half of a tract of thatch land. " I give and devise the aforesaid several tracts of land, after the decease of my daughter, Phebe T. Lawrence, to the children which she now has, or may hereafter have living at the time of her death, as tenants in common to them, their heirs and assigns forever."

These are the lands in this action.

The said Elias Smith died April 20, 1839 ; made the will January 21, 1839, and same was probated 25th of May, 1839 as a will of real and personal property.

At the time of the death of testator, Phebe T. Lawrence was living, and then had three children. She died January 30, 1889, not having had any more children. She survived all of these three children, but she left grandchildren.

The question is, whether, on the death of Elias Smith, the fee of the part of the estate which was devised to Phebe for life vested in her children then living, and, therefore, now belongs to the grandchildren of said Phebe and their representatives.

This question was fully discussed by the learned judge at Special Term, and I see nothing that needs to be added to the argument contained in his opinion. Many arguments may be suggested upon either side, but it comes down to a question of intent to be solved by reference to ambiguous expressions contained in the will.

We think this case fairly falls under the rule laid down in the *Matter of the Estate of Brown* (93 N. Y., 295), and that calls for an affirmance of the judgment.

Present — BARNARD, P. J., and DYKMAN, J.

Motion for new new trial denied and judgment affirmed, with costs.