## Graves, Ex'r, etc. v. Whitney.

1. *Judgment by Confession—Authority to Confess.*—It is a rule firmly established, that the authority to confess judgment, without process, must be clearly given and strictly pursued.

2. *Confession of Judgment—Entered Nunc Pro Tunc.*—A clerk of a court in this State is not authorized to enter a judgment by confession in vacation as of some previous term; he can only enter judgment in vacation as such and can not enter it as of some term, or *nunc pro tunc.*

3. *Judgment by Confession—As of a Term.*—A judgment by confes-

sion "as of a term" can only be entered in term time, the expression "as of any term," when applied to entering a judgment by confession, can only mean at any term.

4. *Judgment by Confession—Warrant of Authority—Vacation and Term Time.*—A warrant of attorney authorizing any attorney in any court of record within the United States, to appear and confess judgment upon a promissory note against the maker, as of any term, for the amount of the note, costs of suit and attorney's commission, etc., does not authorize the confession of the judgment in vacation, and a judgment entered in vacation under it is void.

5. *Motion—Right to Make—Waiver.*—Where an executor made a motion to vacate a judgment, entered against his testator in vacation, and did not file his letters testamentary until the term subsequent to entering the motion, and it being objected that he had no right to make the motion, *it was held* that the objection was waived by contesting the motion upon its merits.

6. *Appearance—Special Entry of.*—Where the object of entering an appearance is to question the jurisdiction of the court, it is not necessary that the person entering such appearance should submit himself to the jurisdiction, surrender his right in that respect, and confer jurisdiction where none existed.

7. *Judgments by Confession, When Void.*—Where a judgment has been entered by confession upon a *cognovit* and is void, the court should, upon motion, vacate it and leave the party plaintiff to pursue the ordinary remedy by an action at law.

**Memorandum.**—Order overruling a motion to vacate a judgment entered by confession. Appeal from the Circuit Court of Putnam County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, OTIS & GRAVES, ATTORNEYS.

Our courts make a radical difference between the two classes of judgments; those entered in term time having the presumptions of law as to jurisdiction of the court and other matters in their favor, while those entered in vacation have no presumption of law in their favor, but the record itself must conclusively show that all the vital requirements of the law have been complied with. Therefore it is that in vacation judgments, all the papers filed therefor become a part of the record, which they are not in judgments

entered in term time.   Waterman v. Caton, 55 Ill. 94; Stein v. Good, 115 Ill. 93.

Story on Agency, 5th Ed., Sec. 68, says, after giving numerous illustrations of this restriction of power : " Indeed, formal instruments of this sort are ordinarily subjected to a *strict interpretation, and the authority is never extended beyond that, which is given in terms,* or which is necessary or proper for carrying the authority so given into full effect."   In Chase v. Dana, 44 Ill. 263, the court says: "As a general rule, well recognized and firmly established, an attorney in fact is held to a strict compliance with the authority conferred.   When he acts, it must, to be sustained, be within the scope of his authority.   It must be for the purposes prescribed, and in the mode required.   A departure from the authority conferred, or for purposes not authorized, will not be sustained, because there is a want of power."   In Tucker v. Gill, 61 Ill. 236, the power of attorney was for confession of judgment on a note for $26,000, with interest, etc., and *cognovit,* confessed judgment for $50,000 damages, and clerk entered judgment in vacation for $26,000, and the court held the judgment void, and that the clerk must enter judgment for amount confessed in *cognovit* or none at all; that he could not enter a judgment for a less amount.   And the court cites Chase v. Dana, *ante,* and says that the warrant of attorney must be strictly pursued, and also cites 2 Kent's Com. 621, " The special authority must be strictly pursued."

In Frye v. Jones, 78 Ill. 632, the court says: " The authority to confess a judgment without process, must be clear and explicit, and must be strictly pursued," and in that case there was far more room for sustaining the judgment held void than in our case.

In Keith v. Kellogg, 97 Ill. 151, the court says :   " The doctrine is well settled and has often been recognized by this court, that the power to confess a judgment must be clearly given and strictly pursued or the judgment will not be sustained."

In Gardner v. Bunn, 132 Ill. 408, the court uses similar

language.   Gilbert v. How, 45 Minn. 121, is to the same effect, and in Grover & Baker Sewing Machine Company v. Radcliffe, 137 U. S. 287, Chief Justice Fuller, in his opinion, says: " What Benge authorized was confession by any attorney of any court of record in State of New York or any other State, and he had a right to insist upon the letter of the authority conferred." In that case judgment was entered by confession by a prothonotary under a local statute of Pennsylvania, and the judgment sued on in Maryland and appealed to the United States Supreme Court, which declared the original judgment by confession was void, for the reason as stated above by opinion of Chief Justice Fuller.

It will be conceded that the authority to confess a judgment must be found in the warrant of attorney or the judgment is void.

The court will not supply words that are absent, nor will it give any but the natural and legitimate construction to words that are present.

The authority here is explicitly to enter judgment " as of any term," and by no juggling with words or sophistry of reasoning can any intention to authorize the confession of judgment in vacation be twisted out of or injected into that expression " as of any term." The language used as to attorneys, courts of record, and as of any term, is the language of the common law, and wherever courts of record are known at common law, there is also known the division and distinction between the time when the court is in session and when it is not, universally and invariably expressed by the words, " term time " and " vacation." Terms of court are prescribed by law and are the times when the vital spark is present that gives them life and power; and sets the machinery of the law in motion for the administration of justice; when the judge is on the bench clothed with his judicial powers for the trial of causes, the entering of orders, the rendering of judgments and the general transaction of all business pertaining to the hearing and adjudication of the rights of the parties in court.

Graves v. Whitney.

APPELLEE'S BRIEF, FRED T. BEERS, ATTORNEY.

The warrant authorizes "any attorney of any court of record" to confess, etc. The omission of words restricting the appearance of such an attorney to any particular place, for the purpose of such confession makes it sufficiently appear from the terms of the warrant, that the proceedings could be had in any court of record. This brings this case within the rule laid down in Keith v. Kellogg, 97 Ill. 147. There can be no possible connection between the language above quoted as to where the judgment should be confessed and the words "as of any term" except to show that the judgment when so confessed should have the same force and character as of a judgment entered in any term. See Harris v. Peck, 2 D. & L. 106; 8 Jur. 929; 13 L. J., Q. B. 295. Jacob's Fischer's Dig., Col. 13302, Vol. 8.

Warrant to confess judgment should not be construed so as to defeat the intent. Holmes v. Bemis, 124 Ill. 456; Holmes v. Parker, 125 Ill. 479; Keith v. Kellogg, 97 Ill. 151; Hoffman v. Danner, 2 II. 29 (Pa.); Conkling v. Ridgely, 112 Ill. 43.

As to the meaning of "as of any" as herein used, where a warrant of attorney, dated and delivered in a period of vacation, for a debt then due, authorizing judgment in "term or vacation," the judgment was entered at once (in vacation) and was entered "as of the June term" (which was term preceding the vacation in which it was actually entered). The court refused to set it aside. King v. Shaw (N. Y.), 3 Johns. 142.

Where the warrant read that judgment could be taken "as of Easter term last past, Trinity term now present, or any other subsequent term," the judgment finally was taken in vacation and with leave "was entered as of the preceding term." And notwithstanding the rule of court was that all judgments should be entered the day taken, the court held the action to be a substantial compliance with both the warrant and the rule, and affirmed the court below, refusing to set the judgment aside. Alcock v. Sutcliffe, 4 D. & L. 612; Jarvis v. South, 13 M. & W. 152.

And it is discretionary with the court whether or not such judgment should be vacated, and to determine if substantial injustice has been done to the defendant where his warrant waived all errors and appeal, and the burden of proof rests upon defendant. Roenigk's Appeal (Pa.), 3 Alt. Rep. 99; McCabe v. Sumner, 40 Wis. 386; English's Appeal, 119 Pa. St. 533.

OPINION OF THE COURT, CARTWRIGHT, J.

A judgment by confession was entered on August 3, 1892, by the clerk of the Circuit Court of Putman County, in vacation, for $15,600, in favor of appellee, against Philip R. Bohlen. Afterward, at the next succeeding term of said court, on October 24, 1892, appellant, as executor of the last will and testament of said Philip R. Bohlen, then deceased, entered a special appearance for the sole purpose of questioning the jurisdiction to enter said judgment, and moved the court to set aside and vacate it as absolutely void, because there was no jurisdiction of the person of the defendant at the time it was entered. Said executor on the same day produced and filed a duly authenticated copy of the last will and testament of said Philip R. Bohlen, deceased, and of the probate thereof, in the Probate Court of Shelby County, Tennessee, and the appointment of said executor. From the record so produced, it appeared that Philip R. Bohlen died at his home in Shelby County, Tennessee, August 27, 1892, being then a citizen and resident of Memphis, in said county, leaving a last will and testament of which appellant was appointed executor. On the next day after the filing of the above motion, appellee filed a cross-motion to strike appellant's motion from the files, together with an affidavit in support thereof, stating that notice had not been given of the intended filing of said motion before it was filed. The court thereupon continued the proceeding for the purpose of giving notice of the motion to vacate the judgment. Notice was given November 3, 1892, that the motion to vacate would be called up for hearing on the first day of the March

term, 1893, at which time both parties appeared, and the court overruled both the motion to vacate the judgment, and the cross-motion to strike from the files the original motion. Both parties have assigned errors.

The reasons for claiming that the judgment was void for want of jurisdiction, were apparent on the face of the record, and were, that the warrant of attorney filed, did not authorize the attorney appearing for the defendant to appear and confess judgment in vacation, and that there was not sufficient proof of the execution of the warrant of attorney. The note and warrant of attorney were in one instrument, as follows:

"$10,000.                              JANUARY 17th, 1884.

Five years after date, I promise to pay to the order of Jake Hill, ten thousand dollars, without defalcation, value received, with interest from date, and I do hereby empower any attorney of any court of record within the United States, or elsewhere, to appear for me and confess judgment against me as of any term for above sum, with costs of suit and attorney's commission of five per cent and release of all errors, hereby waiving inquisition, and agreeing to the condemnation of any property that may be levied upon by any execution which may issue forthwith on failure to comply with the conditions hereof; also hereby waiving the benefit of the exemption laws, or any act of assembly relative to executions now in force or hereafter to be passed.

Witness my hand and seal.

                              P. R. BOHLEN.   [SEAL.]
Attest:  GEORGE A. DOUGAN."

The instrument bore the following indorsements:

" For value received, I hereby sell, assign and transfer the within note and all moneys secured thereby, to George I. Whitney, of Pittsburg, Penna.

                                        JAKE HILL.

Filed Apr. 1, 1890.  JOHN B. CLOUGH, Clerk.
Filed August 3, 1892.  JEFF DURLEY, Clerk."

It is a rule firmly established that the authority to confess a judgment without process must be clearly given, and

strictly pursued.   Chase v. Dana, 44 Ill. 262;  Frye v. Jones,
78 Ill. 627;  Keith v. Kellogg, 97 Ill. 147;  Gardner v. Bunn,
132 Ill. 403.   The power in this warrant was to appear and
confess judgment as of any term.   The judgment entered
was a vacation judgment merely.   The attorney did not
appear or confess judgment as of any term, but as in vaca-
tion.   The argument for appellee is that the intention was
to authorize a judgment in vacation, and have the holder
of the note select some term, one or more terms or years
prior to the entry, and have the judgment entered *nunc pro
tunc* as of the term so selected, so that it would become a
judgment in term.   It is said that the object was to enable
the holder of the note to cut off defenses and remedies of
the maker in that way, or place it beyond the power of the
maker to reach the judgment on account of its being en-
tered as of a term long before.   If the power was intended
as claimed to authorize a *nunc pro tunc* judgment in vaca-
tion as of some term, it could not be so exercised in this
State.   When attempted to be exercised here it could only
be done by virtue of some procedure authorized by law
in this State, and such a proceeding, as is suggested, could
not be had here.   A clerk of court is not authorized to so
enter a judgment.   He can only enter judgments in vacation
as such, and can not enter them as of some term or *nunc
pro tunc.*

As there is no power to so enter a judgment, there can
be no power to so confess one.   A judgment by confession
as of a term can only be entered in term.   "As of any term,"
when applied to entering judgment by confession, can only
mean at any term.   In our opinion the warrant only author-
ized a confession in term, as that was the only time when it
could be done as of a term.   The judgment was therefore
entered without authority, and was void.

It is objected that appellant had no right to make the
motion because he produced and filed his letters testament-
ary at the term subsequent to the entering of his motion.
The record shows, as before stated, that proof of the will,
the probate and his appointment was produced and filed on
the day the motion was entered.   If there was anything

in the point, it was not presented to the Circuit Court, not being assigned as a reason for striking the motion from the files, or otherwise raised, and was waived by contesting the motion on the merits.

It is further urged that appellant could not raise any question concerning the judgment without entering a full appearance in the suit, and submitting himself to the jurisdiction of the court, so that a trial might be had upon the merits. We do not understand that where the object of entering an appearance is to question the jurisdiction of the court, it is necessary that the defendant should submit himself to the jurisdiction, surrender his right in that respect, and confer jurisdiction where none had existed. The judgment being void the court should vacate it, and leave appellee to pursue the ordinary remedy by action. Walker v. Ensign, 1 Brad. 113; Stein v. Good, 115 Ill. 93.

Being of the opinion that the warrant of attorney did not authorize the entry of the judgment, it will not be necessary to consider the questions arising upon the proof of its execution.

The cross-errors are assigned on the refusal of the court to strike appellant's motion from the files. The only reason given in support of the motion was want of notice. There is no requirement that notice shall be given before the filing of the motion. Appellee appeared and had notice of the filing of the motion at the time when it was filed. Notice was given several months before the term when it was heard, at which term appellee again appeared and contested it. No further or other notice was necessary.

The order of the court overruling the motion to vacate the judgment will be reversed, and the cause remanded.