(75 App. Div. 230.)

### ARNOT v. ARNOT et al.

(Supreme Court, Appellate Division, Third Department. September 3, 1902.)

1. WILLS—CONSTRUCTION—MEANING OF "HEIRS."

Testator provided that all his property should be divided into equal shares, equivalent in number to the number of children surviving him, to be held by trustees, and that each child should receive his portion on reaching the age of 25 years, but that if any child should die before reaching the age of 25, "if he leave no children him surviving," his share should go to his "heirs at law and next of kin in accordance with law." Testator had no children living at the time the will was executed, and the will mentioned the possibility of a posthumous child, and provided for all other contingencies that could be reasonably anticipated. Testator's only child was a posthumous one, and died before reaching the age of 25, and without issue or heirs other than the mother. *Held,* that the expression "heirs at law and next of kin," used with reference to the disposition of the share of a child dying before reaching the age of 25, meant the heirs of the child at the time of its decease, and not those who would be its heirs when it attained the required age, so that the title to the share of the child vested in the mother on the child's death, instead of remaining in the trustees to be held until the child, if living, would have reached the age of 25.

Submitted controversy between Elizabeth T. Arnot, individually and as administratrix of Elizabeth Hulett Arnot, deceased, as plaintiff,

and Matthias H. Arnot and others, as executors and trustees under the will of Matthias C. Arnot, deceased, as defendants. Judgment for plaintiff.

Prior to September 22, 1900, the decedent, Matthias C. Arnot, and the plaintiff, Elizabeth T. Arnot, were married, and on said 22d day of September, 1900, said Matthias C. Arnot made his last will and testament. On the 31st day of July, 1901, said Matthias C. Arnot died, the owner of personal and real property. The said Matthias C. Arnot left, him surviving, the said plaintiff, Elizabeth T. Arnot, his widow, and on the 30th day of December, 1901, subsequent to the death of said decedent, a child was born to said Matthias C. and Elizabeth T. Arnot, named Elizabeth Hulett Arnot. The child lived but a short time, and died on said 30th day of December, 1901. Said Matthias C. Arnot left, him surviving, no other child, and no issue of any deceased child; and the said Elizabeth Hulett Arnot left, her surviving, her mother, Elizabeth T. Arnot, and no descendant. The said will of Matthias C. Arnot was duly admitted to probate in the county of Chemung, N. Y., on the 11th day of April, 1902, and letters testamentary were issued to the defendants. The said will directed that the debts and funeral expenses of the testator be paid, and, after directing the payment of four general legacies, provided as follows:

"Sixth. Should I die leaving a child or children me surviving, then, and in that case I give, devise, and bequeath all the rest, residue, and remainder of my property, of whatever kind or nature, and wherever situated, to Matthias H. Arnot, James B. Rathbone, and William S. Carr, in trust, however, for the uses and purposes now herein set forth, to wit:

"(a) My said trustees shall dispose of my interest in T. Briggs & Co. as soon as they can do so to good advantage, and then divide the whole trust estate into parts as nearly equal as may be, which parts shall be equal in number to the number of my children who shall be living at my death.

"(b) My trustees shall have the management of the various equal parts of the trust estate, and shall pay over the rents, issues, and profits thereof to my widow, until one of my children attains the age of twenty-five years.

"(c) When one of my children attains the age of twenty-five years, my trustees are to pay over to that one so attaining that age one of the equal parts of my residuary estate provided for in paragraph 'a,' above; first extinguishing by contract or otherwise the dower interest of my widow therein.

"(d) The remaining portion of the trust estate, consisting of all but one of the equal parts above provided for, shall be managed by my trustees as before, who shall pay over the net income thereof to my widow until another of my children attains the age of twenty-five years, when that one of my children shall receive in fee one of the remaining original equal parts mentioned in paragraph 'a,' above; the dower rights of my widow therein being extinguished as above provided in paragraph 'c.'

"(e) My trustees are to continue the method of administration of the trust outlined above until the last survivor among my children has reached the age of twenty-five years, and received the last of the equal portions of the trust estate.

"(f) In the original division into equal portions, cognizance is to be taken of the probable birth of a posthumous child, and the division is to be made accordingly. And should any one of my children die before attaining the age of twenty-five years, his equal share shall go to his children, if he leave any, at the time when he would, if living, have reached the age of twenty-five; if he leave no children him surviving, his share shall go to his heirs at law and next of kin in accordance with law.

"Seventh. Should I die leaving no issue me surviving, then I give, devise, and bequeath all the residue of my estate to the trustees named above, in trust to divide it into two equal portions, and pay over the income of one portion to my mother, Elizabeth H. Arnot, for her lifetime, and the income of the other portion to my widow during the period of her widowhood. At the death of my mother, one equal portion of the trust estate, and at the death or remarriage of my widow the other equal portion of said estate,

shall be paid over to Yale University, at New Haven, for the endowment therein of a professorship of mathematical science, having special regard to the applications of vector analysis in the study of natural and physical science."

The plaintiff claims that she, as the only heir at law and next of kin of her child, Elizabeth Hulett Arnot, is given by the will of her deceased husband all of the residue of his estate, and that her title thereto vested absolutely on the death of her child. The defendants claim that the title to such residue remains in the trustees, to be divided among the person or persons who may be living and answer the description of heir at law and next of kin of Elizabeth Hulett Arnot at the time that she would, if living, have reached the age of 25 years.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

John D. Teller, for plaintiff.

Reynolds, Stanchfield & Collin (Frederick Collin, of counsel), for defendants.

CHASE, J. The words "heirs at law" and "next of kin" have a well-known and commonly understood meaning. In each case it is well settled that the words are to be construed as referring to those who are such at the time of the ancestor's death. 15 Am. & Eng. Enc. Law, 322; also 21 Am. & Eng. Enc. Law, 540; Wadsworth v. Murray, 161 N. Y. 274, 55 N. E. 910, 76 Am. St. Rep. 265. The only words of the will relating to the disposition of the residue of the estate under the circumstances actually existing are: "And should any one of my children die before attaining the age of twenty-five years, * * * if he leave no children him surviving, his share shall go to his heirs at law and next of kin in accordance with law." Giving to these words their natural and well-defined meaning, the title to the residue passed immediately upon the death of Elizabeth Hulett Arnot to the plaintiff. Such construction is in accordance with the rule favoring the vesting of property, and it should prevail, unless the testator's intention, as found in the whole will, requires a different construction. The will was executed before the testator had a child, and it was evidently intended to provide for every situation that could reasonably be anticipated. There is nothing in the will to indicate a desire on the part of the testator to benefit any of his relatives, other than those expressly mentioned in the will. The intention of the testator in case he died leaving a child or children, him surviving, and it or they should live to reach the age of 25 years, is stated with particularity. His intention is also clearly stated in case he should die without leaving issue, him surviving, or in case one of his children should die before reaching the age of 25 years, but leaving children, such child surviving. The possibility of testator's dying leaving one child, and that such child should die without children before reaching the age of 25 years, was not a remote one. The particularity with which the testator provided for the several other contingencies leads to the conclusion that the words, "if he leave no children, him surviving, his share shall go to his heirs at law and next of kin, in accordance with law," were used advisedly and intentionally. If testator had intended that the share of a child dying without children should

go to the person or persons who would be the heirs at law and next of kin of such deceased child when such deceased child would have reached the age of 25 years, he would have said so in as clear and specific language as the other provisions of his will are stated. We are unable to find in the will any underlying purpose or intention that requires a construction of the will other than in accordance with the well-settled meaning of common words and phrases.

The plaintiff should have judgment construing the will, and determining that the residue of the estate of the testator is by the terms of the will given to Elizabeth T. Arnot, as the sole heir at law and next of kin of Elizabeth Hulett Arnot, deceased. All concur.