(40 Misc. Rep. 37.)

### SHAW v. ENGLISH et al.

(Supreme Court, Special Term, Otsego County.    February, 1903.)

1. WILLS—CONSTRUCTION—VESTED INTEREST.
    Testator devised to his son the use of a certain farm, excepting two lots, one of which was known as the "Hay Barn Lot," for life, the fee to be equally divided among his children living at his death.    In another clause he directed the hay barn lot to be used in connection with the farm for 10 years after his death, and thereafter to pass with the other farm named.    The son had a daughter, who died before his own death, in 1901, but after the testator, leaving a child surviving.    *Held*, that the devise to the son did not lapse by his death without children living, but the granddaughter took a vested interest, which on her death passed to her child.

2. SAME—POWER OF ALIENATION.
    A devise of the use of certain land for 10 years, at the expiration of which time the land was to pass to the son of testator, postponed enjoyment, but did not suspend the power of alienation.

Action by Martin A. Shaw against Beatrice English and others for partition.    Dismissed as to English.

Arnold & Cooke, for plaintiff.
James J. Byard, Jr., guardian, in person.
A. R. Gibbs, for defendant English.
Alva Seybolt, for other defendants.

FORBES, J.    This is an action for partition.    In the year 1884 William Shaw died seised, in fee simple, of real property known as the "Turner Farm," with other real estate.    Shaw's will was admitted to probate in Otsego county on the 6th day of May, 1884.    The testator left him surviving a widow, who is now dead.    He left, among others, a son, William G. Shaw.

By the first clause of his will a devise was made as follows:

"I give, devise and bequeath to William G. Shaw, my son, the use of the farm bought by me of Samuel E. Turner, except the hay barn lot, used as a meadow and enclosed by a fence, and except also the saw mill lot and logway and right of way to it as now used, to be used and enjoyed by him during his natural life and until his death; and I give and devise to his children living at the time of his decease the same in fee to be shared equally between them."

Certain devises of real estate were made to other children of the deceased.

The fourth clause of said will reads as follows:

"The hay barn lot above described is to be used in connection with the homestead farm for ten years after my decease, after that time it is to revert back and to be considered a part of the farm devised to the heirs of William Gorton Shaw and pass under the first clause of this will, the use to William G. Shaw and the fee to his children as above described in that clause."

William G. Shaw went into possession of the premises and enjoyed the use thereof until the 29th day of August, 1901, when he died leaving him surviving the defendant Beatrice English, his granddaughter. William G. Shaw had one daughter, Bertha R. English, who died after the death of the testator, but before the death of her father, William G. Shaw. The question here to be determined arises under the first and fourth clauses of the will.

Did the estate so devised to William G. for life vest in Bertha R. English, or did the bequest to her lapse on her death before the death of her father? This action is to partition that portion of said estate which was devised to the daughter Bertha R. English, the mother of the defendant Beatrice English. The rule of construction undoubtedly is that the intention of the testator, if it can be found in the will, must be carried into effect. The testator having devised his property specifically, and having allotted to each of the several devisees his portion of the property, did the testator intend that if his son, William G. Shaw, died without children of his own body, the estate so devised to him for life should then lapse and pass to all of the testator's children as though he had died intestate as to that portion of his real property?

The policy of the law undoubtedly is to uphold vested legacies, the presumption being that the testator intended to pass all of his estate, not dying intestate as to a portion of the devises sought to be made. The canon of interpretation to the effect that, if there are two modes of interpreting a will, that one is preferred which will prevent total or partial intestacy, where that application can be made and such inference from the will can so be drawn, still it has no application as against controlling statutes and decisions. Matter of Kimberly's Estate, 150 N. Y. 90, 44 N. E. 945. The law favors the vesting of estates, even though the period of possession is postponed. Corse v. Chapman, 153 N. Y. 466, 47 N. E. 812.

A will providing that all of a testator's real and personal property, after the payment of his debts, shall go to his widow during her life, "then to such of my children as may be alive, share and share alike," gives her a life estate, with remainder to the children, postponing the enjoyment, but not the vesting of the remainders, until the termination of the life estate. Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20. So the court holds: "The law not only favors the vesting of estates, but such a construction of a will as will avoid the disinheritance of children who happen to die before the time of distribution." Matter of Russell, 168 N. Y. 175, 61 N. E. 166, following Connelly v. O'Brien, supra; see, also, Heath v. Hewitt, 127 N. Y. 166, 27 N. E. 959, 13 L. R. A. 46, 24 Am. St. Rep. 438. "One for whose benefit during life a trust is created by will, with the provision that on his death without lawful issue the estate shall go to the testator's heirs as if the will had not been made and the beneficiary had died before the testator, will not be excluded from taking, as heir of testator's daughter, a share of her interest in the remainder which the will vested in her, subject to being divested if the beneficiary died leaving issue." Wadsworth v. Murray, 161 N. Y. 274, 55 N. E.

910, 76 Am. St. Rep. 265; Prowitt v. Rodman, 37 N. Y. 42; Matter of Logan, 131 N. Y. 456, 30 N. E. 485.

Where the interpretation warrants the conclusion that the testator intended that a particular heir should be benefited by the devise, even upon the contingency of arriving at the age of 21 years, it has been held that the share of the mother vested in the child on the mother's death, and became due and payable at once. Arnot v. Arnot, 75 App. Div. 230, 78 N. Y. Supp. 20. Whenever it is clear from the whole will that the provision made for the child was to terminate at his death, a vested legacy or devise does not take place, and if the child died before the life tenant the devise passes to the other heirs, to be distributed by law. Clark v. Cammann, 160 N. Y. 315, 54 N. E. 709.

Where the remainder is clearly contingent and liable to be defeated by the happening of an event, or the power of alienation is suspended, in that case the devise does not vest. Carmichael v. Carmichael, 1 Abb. Dec. 309; Patchen v. Patchen, 121 N. Y. 432, 24 N. E. 695; Matter of Allen, 151 N. Y. 243, 45 N. E. 554; McGillis v. McGillis, 154 N. Y. 532, 49 N. E. 145; Dougherty v. Thompson, 167 N. Y. 472, 60 N. E. 760. The use of the property by one devisee for a definite time does not suspend the power of alienation so as to defeat the devise, since it must be regarded as held in trust or for the benefit of the remaindermen. Van Brunt v. Van Brunt, 111 N. Y. 178, 19 N. E. 60; Wilber v. Wilber, 165 N. Y. 451, 59 N. E. 264.

The two clauses of this will relating to the devise in question must be read together. When so read they fairly show that the intention of the testator was that the property bequeathed and devised should go to the heirs of his son William G. Shaw, since it must be conceded that where the limitation is to the person living at the time of the first devisee's death, and to her heirs and assigns forever, this carries the estate to the grandchild, if one is left. Smith v. Lawrence, 66 Hun, 362, 21 N. Y. Supp. 379; Matter of Paton, 111 N. Y. 481, 18 N. E. 625; Matter of Logan, 131 N. Y. 460, 30 N. E. 485.

Apparently, by the scheme of the devise in question, it was intended by the testator that the heirs of his son William G. Shaw should take a vested estate in that portion of the real estate which would have come to his daughter under the will, had she outlived the life tenant. The devise of the other portion of the estate, the use of which, for a definite term of 10 years, was to be enjoyed with the home farm, was not a suspension of title or the power of alienation, but only a postponement of its enjoyment by the devisee.

By this will another devise was made for the benefit of the testator's son Orson Shaw during his life; this devise was then to go to his children and heirs, except the sawmill property, which Orson took in fee. The will then provides for the conversion into personal property of the testator's land at Page's Corners, to accumulate the sum of $5,000, and provides for the payment to Martin Shaw, another son, of $1,000, but if the personal property was found to be less than $5,000, with the land directed to be sold, that legacy was to be reduced to $500. The use of the balance of that portion of the estate

after the death of the testator's wife was to be divided between his son Orson and Mary Allen, his daughter. That portion bequeathed to Mary Allen at her death was to go to the heirs of her body. The will seems to have been drawn upon the general scheme of the use and support for life for the children of the testator, and at their death the property, of which each took a life estate, was to be transmitted by said will to the children of each.

This interpretation seems to be warranted from the fact that no other disposition by the testator was made of this particular devise to any other of the heirs, and this was probably understood to have been an equitable provision for each of the testator's children and for the child or children of each devisee.

The defendant Beatrice English was living at the time of the testator's death. The provisions of this will as drawn are not very lucid, and the words "living at the time of his death" may have been intended to read as his, the testator's, death. In that event, upon his death the devise would have vested in the child Bertha R. English, and upon her death this portion of said estate would have passed to the defendant Beatrice English.

I think the complaint in partition should be dismissed, with costs to the defendant Beatrice English, and judgment may be entered accordingly.

Judgment accordingly.