Desmond, J. (dissenting).
I would affirm here so as to conform this decision to the rule which is ancient in England and in America. .
In Prowitt v. Rodman (37 N. Y. 42) this court nearly a century ago reviewed the already numerous authorities on the question of interpreting the word “ children ” to include-grandchildren and made the statements, many times thereafter repeated in the New York cases, that the word “ children ” is a “‘very flexible expression’” (p. 55) and (p. 54, quoting Chancellor Kent) that “ ‘ Children as well as issue may stand in a collective sense for grandchildren, where the justice or reason of the case requires it.’ ” At page 58 in the Prowitt *485 opinion our court set down in summary two propositions of law, both old in 1867 and both still in effect:
‘'1. That the term ‘ children ’ may include issue however remote, and will be held so to include whenever the reason of the thing demands it.
“2. In case of a contingent future gift to the children of a first taker, followed by a limitation over for want of such, the presumption is in favor of the first taker’s posterity to his remoter descendants in preference to the donee over.” Prowitt rule No. 2 describes a will just like the one we are here interpreting.
In Matter of Paton (111 N. Y. 480) the authorities were again reviewed. Again it was said that the word “ children ” is a flexible expression. Then the court set down the rule in this form (p. 486): “ That meaning should be preferred, when the reason of the thing sustains it, which permits the children of a deceased child to inherit.” (See similar language in Beebe v. Estabrook, 79 N. Y. 246, 251; Matter of Brown, 93 N. Y. 295, 298; Matter of Truslow, 140 N. Y. 599, 605.) Our law, past and present, on this subject is accurately stated in New York Law of Wills by Davids (Vol. 2, p. 1108) in terms which demand an affirmance here: 11 Where the will creates a life estate or trust, and gives the remainder or corpus to the ‘ children ’ of the life tenant or beneficiary the word will be held to include grandchildren, the immediate descendants having died during the lifetime of their parent ” (see Matter of Brown, 93 N. Y. 295, supra, and Smith v. Lawrence, 66 Hun 362). As Judge Batallo wrote in the Brown case (p. 300): “ It is not reasonable to impute to the testator the intention to exclude wholly from the inheritance, the descendants of either of his daughters ”.
It seems to me that “ reason and justice ” dictate that this Villalonga will be construed to mean that if either of the two grandchildren of testatrix should be dead when their second parent dies, the children of the deceased grandchild or grandchildren of testatrix should take. If this be not the meaning, then the testatrix was making a very unusual disposition in that, if one grandchild of hers should survive, that grandchild would get the whole estate to the exclusion of her sister’s children, and, if both her grandchildren should fail to survive *486 their parents, their children would get nothing and the estate would go to grandnieces and grandnephews.
Of course, New York cases can be cited on either side of this question but the great majority of them apply the broader meaning. Quite a recent illustration is Matter of Blodgett (286 N. Y. 602) where we affirmed the determination of the lower courts that 11 children ’ ’ included grandchildren.
I suggest that from all these case taken together there emerge these rules or guides:
(1) That if it is in any way possible the courts, to achieve a reasonable result, construe ‘ ‘ children ’ ’ as including grandchildren. I realize that Matter of Schaufele (252 N. Y. 65, 67) says that there must be an “ unmistakable intent ’ ’ to include grandchildren but no other important case agrees to that, and even the Schaufele opinion itself (p. 67) quotes with approval the ancient Prowitt rule (supra) that grandchildren should be included ‘ ‘ when reason demands it ”;
(2) That while the word “ children ” is to be taken literally when the testator appears to be referring to his own living children as named individuals (see Matter of Barnes, 2 N Y 2d 787) the other construction is more appropriate when the “ children ” are children of his descendants so that he may be considered to be referring rather to a class or group than to individuals;
(3) That, since this is a construction question to be resolved according to reason and probable intent, we ordinarily affirm a not unreasonable construction adopted by the two courts below.
The order should be affirmed.
Judges Fuld, Froessel, Van Voorhis and Burke concur with Chief Judge Conway; Judge Desmond dissents in an opinion in which Judge Dye concurs.
Order reversed and matter remitted to the Surrogates’ Court for further proceedings in accordance with the opinion herein, with costs to all parties appearing separately and filing separate briefs payable out of the estate.