## NATHANIEL T. TUCKER

*v.*

## SAMUEL L. GILL.

1. JUDGMENT—*confession.* Where a judgment is confessed in vacation before a clerk in a circuit where that officer is authorized to receive a confession, to be valid under the statute there must be a declaration, a power of attorney authorizing the confession, and proof of its execution and a plea of confession filed in the office of the clerk.

2. SAME—*when void.* Where there was a power of attorney to confess a judgment on a note for $26,000, the note was described in the declaration which claimed $50,000 damages, and the plea of confession admitted an indebtedness and confessed judgment for the latter sum, and the clerk rendered judgment for $26,000: *Held,* that the attorney confessing the judgment exceeded his power; that the clerk did not have power to deviate

from the plea of confession in rendering the judgment. His doing so was unwarranted and the judgment was void, and may be attacked collaterally.

3. The clerk has no judicial power but acts ministerially, and hence can not do otherwise than follow the papers filed in entering a judgment by confession. He has no power to disregard the plea of confession and proceed to determine for what sum judgment should be entered. He must enter judgment for the amount confessed, or not at all.

APPEAL from the Circuit Court of Peoria county; the Hon. S. D. PUTERBAUGH, Judge, presiding.

Messrs. McCULLOCH & STEPHENS, for the appellant.

Mr. J. S. STARR, Messrs. INGERSOLL & McCUNE, and Mr. H. B. HOPKINS, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was replevin in the *cepit*, brought by Tucker & Mansfield against Gill, in the Peoria circuit court, for some hogs, in which there was a verdict and judgment for the defendant.

Gill justified the taking by virtue of a *fieri facias* issued to him as sheriff of that county, on the 23d day of October, 1869, upon a judgment of said court, for $26,000 damages, besides costs, entered in vacation upon a warrant of attorney in favor of one Eugene McCune, against Cyril L. Wood.

Tucker & Mansfield claimed title to the hogs under a purchase from Wood, made on the 18th day of September, 1869.

The pleadings put in issue the validity of the judgment, which, it is claimed, was not entered in conformity with the warrant of attorney, was without authority, and therefore void. That position involves the principal question in this case.

The authority of the clerk to enter judgment in vacation is found in the act creating the 16th circuit, to which Peoria county belongs, providing that judgment by confession may be entered at any time "upon filing the proper papers with the clerk of said court, and shall have the same force and effect as if entered in term time." Purp. Stat. 351.

The expression, "upon filing the *proper papers*," includes everything requisite by the common law practice in such cases. In *Roundy* v. *Hunt*, 24 Ill. 598, which was a judgment by confession in vacation, under a statute precisely like that above referred to, the court said : "As a condition to the right to confess a judgment in vacation, the proper papers must be filed with the clerk. This requirement of the statute could have referred alone to the established practice in cases of confession of judgments in courts of record. That practice requires the plaintiff to file a declaration on his cause of action; that he shall file the warrant of attorney with proof of its execution and *a plea of confession*. These, under the practice, constitute the proper papers to authorize the confession of a judgment, and the legislature has not conferred upon the clerk the power to hear evidence and determine whether the warrant of attorney was duly executed. Nor does the act make him the judge of the sufficiency of the papers when filed. It only authorizes him to require papers to be filed which purport to be in conformity with the practice. *  *  As the clerk can not, under our constitution, exercise any judicial power, he can not determine the legal sufficiency of the papers required to be filed before the judgment is confessed."

This case also holds that the authority given to the attorney must be strictly pursued. So again, in *Chase* v. *Dana*, 44 Ill. 262, it was said : "As a general rule, well recognized and firmly established, an attorney in fact is held to a strict compliance with the authority conferred." This is in conformity with the English rule : "In entering up judgment on a warrant of attorney, the authority given by it must be strictly pursued." 1 Tidd's Pr. 552.

The warrant of attorney in this case bears date the 29th of September, 1869. It recites an indebtedness upon a promissory note by Wood to McCune, bearing even date therewith, for the sum of $26,000, with interest at six per cent from date, and due in one day from date ; then constitutes Robert G. Ingersoll, or any attorney, etc., his attorney to appear in any

court of record in term time or vacation, at any time after the
date of the note, to waive service of process and confess judg-
ment in favor of McCune upon said note for the above sum,
or as much as appears to be due according to the tenor and
effect of said note, and interest thereon to the day of said judg-
ment; to file a cognovit for the amount that may be so due,
with an agreement therein that no writ of error or appeal
shall be prosecuted upon the judgment, or bill in equity filed,
to interfere in any manner with the operation of the judg-
ment, and to release errors, etc.

The record contained an affidavit annexed to the power of
attorney, made by one Haskins and taken before McCune, the
plaintiff, as a notary public, to the effect that the note and
warrant of attorney were executed by Wood in his presence.
The declaration was upon the note with an *ad damnum* in the
sum of $50,000.

The cognovit contained in the record confesses a judgment
for $50,000, and contains the agreement "that no writ of error
or appeal shall be prosecuted on the judgment entered by vir-
tue hereof, nor any bill in equity filed to interfere in any man-
ner with the operation of said judgment." It also contains a
release of all errors, etc.

In the judgment order entered by the clerk, it is recited,
"that the said defendant filed a plea to the declaration, and
therein, as to the matters and things in said declaration con-
tained, says it is true that he did assume in manner and form
as the plaintiff has declared against him, and that, by reason
of the non-performance of said promises and undertakings, the
plaintiff hath sustained damages to the amount of $26,000.
Therefore it is considered that the said Eugene McCune have
and recover of the said Cyril L. Wood the said sum of $26,000,
his damages aforesaid, in form aforesaid confessed, and also—"
etc.

It nowhere appears in the record of that judgment, nor is
it pretended by counsel, that there was any other cognovit than
that for $50,000.

When attacked collaterally, should this judgment be held valid ? The cognovit is in plain excess of the authority given by the warrant of attorney. It is not only the rule applicable to this case that, in entering up judgment on a warrant of attorney the authority given by it must be strictly pursued, but it is a rule applicable to all cases of special agency, that an agent constituted for a particular purpose, and under a limited power, can not bind his principal if he exceeds that power. The special authority must be strictly pursued. 2 Kent's Com. 621.

Lord Coke has laid down the rule in the following terms : "Regularly, it is true, that where a man doth less than the commandment or authority committed unto him, the commandment or authority not being pursued, the act is void. And where a man doeth that which he is authorized to do, and more, then it is good for that which is warranted, and void for the rest. Yet, both these rules have divers exceptions and limitations." Co. Litt. 258 a. Judge Story, in his work on Agency, sec. 166, says that Lord Coke is well warranted in suggesting that there are exceptions and limitations. "Where there is a complete execution of the authority, and something *ex abundanti* is added, which is improper, then the execution is good, and the excess only is void. But where there is not a complete execution of a power, or where the boundaries between the excess and the rightful execution are not distinguishable, then the whole will be void." Citing Harg. note (202) to Co. Litt. 258 a ; *Alexander* v. *Alexander*, 2 Vesey, 644 ; Com. Dig. *Attorney* c, 15 ; Livermore on Ag: Ch. 5, sec. 1, p. 101, 102, (Edit. 1818.)

It is not necessary here to determine whether the boundary between the excess and the rightful execution are so far distinguishable in this case as that the cognovit should be held valid to the extent of the amount for which the attorney was authorized to confess judgment, because the clerk, not possessing judicial power, had no authority to determine that

question. He acts only as a ministerial officer. The plea of *cognovit actionem* was one of the papers to be filed, and was indispensable to his authority to make the entry of judgment, and when filed he must enter the judgment for the amount confessed, or not at all; because if he does not follow the cognovit as to the amount for which judgment is to be entered, that amount must be ascertained by an assessment of the damages, which requires the exercise of judicial functions by hearing and passing upon evidence, with which power, under our constitution, he can not be vested. To enter the judgment which was entered in this case, the clerk must first have decided that the cognovit was void as to the excess over the amount actually due, and then proceeded to ascertain from evidence what the amount actually due was. So it is the same, in legal effect, as if he had proceeded to enter judgment upon the warrant of attorney, itself, without any cognovit at all. The warrant of attorney is one thing, and the cognovit quite another; both were indispensable to the authority of the clerk to enter judgment. He must look to the cognovit alone for the amount, and has no capacity to determine it from evidence, which he must have done in this case. It is unnecessary, perhaps, to observe that, if the judgment had been entered in court at a term, very different consequences would attach; but the proceeding having been in vacation, conducted under a special statutory authority by a mere ministerial officer, we must hold that the entry of this judgment in the manner stated was simply void.

If the judgment and execution were void, it follows, of course, that neither McCune, the plaintiff in the execution, nor the sheriff, had any lawful authority to exercise control over the chattels in question, or to question the sufficiency of their delivery to appellants under the contract of purchase between them and Wood, the supposed judgment debtor. The sale was good as between the parties, and the contract gave them the right of possession.

16—61st Ill.

It is the opinion of a majority of the court that the judgment of the court below should be reversed and the cause remanded.

*Judgment reversed.*