OSBORN R. KEITH *et al.*

*v.*

CHARLES P. KELLOGG *et al.*

*Filed at Ottawa November 17, 1880.*

1. CONFESSION OF JUDGMENT—*whether power of attorney authorizes it in vacation.* Where a power of attorney authorizes any attorney at law of the State to appear before any court of record in the State and confess judgment for the amount due upon a note to which it is attached, the power may be exercised by the confession of judgment either in term time or in vacation, before the clerk of the court.

2. The power to confess a judgment must be clearly given and strictly pursued or the judgment will not be sustained. But this rule, like all others, has its reasonable limitations, and must not be applied so rigidly as to defeat the manifest intention of the parties to the instrument granting the power.

3. SAME—*in vacation, has the same force and effect as if in term time.* Where a judgment is entered in the circuit court, in vacation, in pursuance of a proper warrant of attorney, as soon as the entry is made it becomes, by the force and sentence of law, a judgment in a court of record, and, as such, has the same force and effect as any other judgment.

4. POWER OF ATTORNEY—*mode of executing a general one.* Where a power of attorney authorizes a thing to be done generally, without any limitation as to the manner of doing it, and it may be lawfully done in two or more ways, the donee of such power may execute it in either of the ways, and it will be well executed.

5. COURTS—*open at all times for certain business.* For the purpose of suing out writs, entering judgments upon powers of attorney, and perhaps in other matters, the circuit courts are open at all times, except on Sundays and legal holidays. But when the business requires a judicial inquiry, it can only be done during term time.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

Messrs. HOUSE & AKIN, for the appellants:

It is settled law that the authority to confess a judgment without process must be clear and explicit, and must be

strictly pursued. *Fry* v. *Jones,* 78 Ill. 632; 1 Tidd's Pr. 552; *Chase* v. *Dana,* 44 Ill. 262.

There is a broad distinction taken in the adjudged cases where the proceedings are had in open court, and where the judgment is confessed in vacation. In the latter case the authority of the attorney must affirmatively appear. No presumption will be indulged as to his authority. *Martin* v. *Judd,* 60 Ill. 83; *Durham* v. *Brown,* 24 id. 94; *Roundy* v. *Hunt,* 24 id. 600; *Tucker* v. *Gill,* 61 id. 236.

The power of attorney in this case does not authorize the confession of judgment in vacation, but only in term time.

Messrs. LYMAN & JACKSON, for the appellees:

The judgment was entered in accordance with the statute. Rev. Stat. 1877, p. 742, sec. 66. By this statute the court is always in session for the purpose of enabling judgments to be entered by confession. If confessed in vacation, a *cognovit* must be filed. *Durham* v. *Brown,* 24 Ill. 94; *Tucker* v. *Gill,* 61 id. 241.

The power to appear gave, by implication, the power to waive service of process. *Vernum* v. *Runyan,* 1 McLean, 413.

The practice of allowing clerks in vacation, and in the absence of the court or judge, and without his order or direction, to enter judgment by confession, is of very ancient date. *Wells et al.* v. *Norton,* 10 Wis. 470; Stephens' Pl. 110; 1 Tidd's Pr. title "Judgments by Confession;" 1 Burrell's Pro. pp. 49, 52 and 361.

The decision of the circuit court was based upon the idea that the duty of the clerk in the entry of a judgment by confession in vacation was a judicial one, and hence unconstitutional. It has been expressly decided otherwise. *Durham* v. *Brown,* 24 Ill. 94; *Pickett* v. *Thurston,* 7 Ark. 397; *Blaikie* v. *Griswold,* 10 Wis. 293; *Wells* v. *Norton,* id. 469.

Appellants are mere strangers and intermeddlers, and can not attack the judgment for errors and irregularities. A stranger

can not question the judgment collaterally, unless it is void, not merely voidable. *Swiggart* v. *Harber*, 4 Scam. 364; *Lane* v. *Brommelman*, 17 Ill. 95.

Mr. THOMAS H. HUTCHINS, also for the appellees:

As the attorney's fee included in the judgment was less than was authorized, it can work no injustice, even to the defendant himself. *Blaikie* v. *Griswold*, 10 Wis. 298.

As a general rule, none but the parties to a judgment can have it set aside. *Adam* v. *Arnold*, 86 Ill. 185; *Drexell's Appeal*, 6 Barr, 272; *Martin* v. *Judd*, 60 Ill. 79; *Kellogg* v. *Keith*, 4 Bradw. 386; Freeman on Judgments, 63.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

During vacation, on the 10th of May, 1879, Harley M. Lyford, by his attorney, George J. Munroe, confessed a judgment in the Will county circuit court, in favor of appellees, for the sum of $4221.02, which was entered up in due form by the clerk. On the same day an execution was issued on this judgment and placed in the hands of the sheriff, by virtue of which he levied upon and sold property belonging to the defendant in the execution to the amount of $1708.25, exclusive of costs. While this money was in the hands of the sheriff, appellants, being also judgment creditors of Lyford, and having junior executions then in the hands of the sheriff, appeared in the Will circuit court and entered a motion to set aside and annul appellees' judgment, and for a rule on the sheriff to apply the moneys in his hands, realized by the sale of property under appellees' execution, in payment and satisfaction of appellants' execution, on the ground that appellees' judgment was void, which motion was sustained by the court. On appeal to the Appellate Court for the Second District, the judgment of the circuit court upon this motion was reversed, from which latter judgment this appeal is prosecuted.

It is conceded that if appellees' judgment is valid in law, appellants were not entitled to any part of the moneys in the hands of this sheriff, realized under appellees' execution, and that the motion ought not to have prevailed.

The whole controversy, then, turns upon the validity of appellees' judgment.

No exception, we believe, is taken to the form of the judgment, but it is claimed that the power of attorney under which it was confessed did not warrant the confession of a judgment in vacation, and that in other respects the power was not substantially pursued.

The power of attorney authorizing the confession of the judgment is subjoined to the note upon which it was rendered. The note and power attached are in these words:

"*Chicago, Ill., January* 23, *A. D.* 1879.

"Due on demand without grace, to the order of Charles P. Kellogg & Co., the sum of $4596.03, with interest at the rate of ten per cent per annum from date, at office of Charles P. Kellogg & Co., Chicago, Ill., value received. Exchange on Chicago.

"And in case the said sum, together with the accrued interest thereon, shall not be paid when due, I authorize and empower any attorney at law of the State of Illinois to appear before any court of record in said State and confess judgment for the above mentioned sum and the accrued interest thereon, together with costs of suit, and $459 for attorney's fees, said attorney's fee to be included in said judgment as a part of the damages on said note, and to release all errors and waive all proceedings in the nature of a stay of execution, appeal or petition in error.

"In witness whereof I have hereunto subscribed my name and affixed my seal this 23d day of January, A. D. 1879.

H. M. LYFORD [Seal.]"

With this note and warrant of attorney was filed a declaration in assumpsit, containing a special count upon the note

and the usual common counts. And there was also filed with the clerk at the same time an affidavit of the amount due, etc., together with the following plea or *cognovit,* confessing the action :

"And the said Harley M. Lyford, defendant in the above entitled suit, by George J. Munroe, his attorney, comes and defends the wrong and injury, when, etc., *and waives service of process,* and says that he can not deny the action of the said plaintiffs, nor but that he, the said defendant, did undertake and promise in manner and form as the said plaintiffs have above complained against him, nor but that the said plaintiffs have sustained damages on occasion of the nonperformance of the several promises and undertakings in the said declaration mentioned, including the sum of $100 for their reasonable attorney's fees for entering up this judgment, over and above their other costs and charges by them about their suit in this behalf expended to the amount of $4221.02."

Upon the filing of these papers, the clerk entered of record a judgment in the usual form, in favor of the plaintiffs and against the defendants, for the said sum of $4221.02, being the amount then due on the note, and an attorney fee of $100. The judgment, by its recitals, shows the appearance of both plaintiffs and defendants by their respective attorneys, and a waiver of process and all errors by this defendant.

The doctrine is well settled and has often been recognized by this court, that the power to confess a judgment must be clearly given and strictly pursued or the judgment will not be sustained. *Tucker* v. *Gill*, 61 Ill. 236; *Chase* v. *Dana*, 44 id. 262; *Frye et al.* v. *Jones et al.* 78 id. 627. But this rule, like all others, has its reasonable limitations, and must not be applied so rigidly as to defeat the manifest intentions of the parties to the instrument granting the power.

The power in question authorized any attorney at law of the State of Illinois to appear before any court of record in the State and confess a judgment for the amount of the note and accrued interest, together with an attorney fee of $459.

At the time of the execution of this power the law provided, as it does now, for the confession of judgments both in term time and in vacation, and the instrument conferring the power is silent as to whether it was intended to be exercised in term time or in vacation.

So far as the express terms of the instrument are concerned, the grant of power in that respect was general and unlimited, leaving it, as we construe it, entirely in the option of the owner of the note to have it executed either in vacation or term time, as he might see fit.

But if we understand counsel, it is claimed that the expression "before any court of record," etc., *ex vi termini,* imports an appearance in term time, and, therefore, by implication, negatives the right to confess the judgment in vacation, and that in truth and fact a court is not a court at all except in term time.

We can not concur in this view. The courts of record in this State, when considered in the abstract, are incorporeal political agencies, created by law for governmental purposes, having a continued existence, whether in or out of term time, so long as the law of their organization exists.

These courts by mere figure of speech are said to be open at certain times and not open at others. And, in like manner, we speak of "appearing before the court," or "appearing in court." These expressions are perhaps often, if not most generally, used without any well defined idea of their import. Courts may be said to be open whenever business may be lawfully transacted in them, and whoever personally transacts such business may be properly said to appear in or before the court, and this, perhaps, is all these expressions signify. No business of any kind can be transacted in these courts except at such times as are fixed by law, and, for convenience, the legislature has fixed certain stated times, called terms of court, for the transaction of general business. At these times they are, in the figurative sense we have mentioned, open for general business. But the legislature has

also provided that certain kinds of business may be transacted between these terms, or, as it is generally called, in vacation, and when such business is being transacted in conformity with law, the court is open as to such business in the same sense that it is said to be open with respect to general business in term time; and whoever transacts such business in vacation is properly said to appear before the court with respect to such business. This whole subject, except so far as it may be limited by constitutional restrictions, is entirely within the control of the legislature.

It would be altogether competent for the legislature to provide that the circuit courts should be deemed open at all times and for all purposes, if there be nothing in the organic law of the State which forbids it.

For the purpose of suing out writs, entering judgments upon powers of attorney, as in the case before us, and perhaps other matters, the circuit courts are open at all times, except on Sundays and legal holidays. It is true that all business involving a judicial inquiry can only be done during term time, or at such times as the law has authorized the judges to take cognizance of such matters. But where there is no controversy, and hence nothing to be adjudicated, and the law has so provided, the business may well be done in the absence of the judge.

The 66th section of chapter 110 of the Rev. Stat., entitled Practice, provides: "Any person, for a debt *bona fide* due, may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process. Judgments entered in vacation shall have like force and effect, and from the date thereof become liens, in like manner and extent as judgments entered in term."

Now, if the warrant of attorney in the case before us had, in express terms, authorized an appearance and confession of a judgment in any court of record in the State, either in term time or vacation, we presume that no one would question the validity of the judgment under the provisions of the

section we have cited. And yet the judgment in the case supposed, if entered up in vacation, would be just as obnoxious to the objection founded upon the use of the expression, *"before any court of record,"* as the judgment in the case before us. There is really, in our judgment, nothing in the objection.

Where a judgment is entered in a circuit court in vacation under the provisions of the above section, in pursuance of a proper warrant of attorney, as soon as the entry is made it becomes, by the force and sentence of law, a judgment in a court of record, and, as such, has the same force and effect as any other judgment. In such cases the presence of the judge is by law dispensed with, for the reason they do not involve a judicial inquiry in arriving at the amount for which the judgment is to be entered, the law having provided this may be done in a specified manner by the parties themselves, and when all these formalities have been complied with, the proper entry by the clerk becomes a valid judgment. In such case, to use the figurative expression, the *court is open* for the purpose of transacting that particular business, and for the purposes of that business the parties, both plaintiff and defendant, appear in court in the same sense as parties litigant appear in term time.

It is true the expression, "court of record," is often used in a sense different from that we have here given. Viewed in the concrete, a court of record would embrace a judge or judges and a clerk, duly convened at the place prescribed by law for holding courts. But the term is not used in this sense in the warrant of attorney under which the judgment in question was confessed.

It is believed to be universally true that where a power authorizes a thing to be done, generally, without any limitation as to the manner of doing it, and it may be lawfully done in two or more ways, the donee of such power may execute it in either of the ways authorized by the power, and it will be well executed.

Inasmuch, therefore, as this authority to confess the judgment in this case was clearly given without any limitation as to whether it should be done in vacation or term time, it might properly have been exercised in either, and having been regularly exercised in vacation, the judgment is valid and binding.

If, then, the clerk, under the circumstances, was authorized by law to enter the judgment, as we hold he was, and the same is valid and binding, as we have seen it is, it follows that the other exceptions taken to the proceedings by appellants are, in any view, but mere errors which are expressly waived by the judgment, and it is therefore unnecessary to inquire whether the points are well made or not. Admitting them to be so, of which we express no opinion, they could not avail themselves of them now.    *Frear* v. *Commercial National Bank,* 73 Ill. 473.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

WALKER, J.: I dissent from this opinion. I hold that the power of attorney conferred no power to confess a judgment in vacation. I dissent from the position that a court can be open at any time or for any purpose in the absence of the judge thereof. I hold this judgment is absolutely void. I regard the opinion as being contrary to former decisions of this court and to the general practice of our courts, and, I think, finds no authority in former decisions or in the statute.

SCOTT, J.: I concur with Mr. Justice WALKER, that the judgment is absolutely void.

CRAIG, J.: I concur in the conclusions reached in the opinion of the majority of the court, but not in the reasoning.