GEORGE I. WHITNEY

*v.*

PHILIP R. BOHLEN.

*Filed at Ottawa October 11, 1895.*

1. JUDGMENTS—*by confession—motion to vacate by executor of the defendant.* A foreign executor against whose testate judgment was entered by confession, and who moves to vacate the judgment as having been taken in vacation without authority, is not deemed a stranger to the suit, where he files his letters showing authority before the motion to vacate is finally decided.

2. SAME—*power of attorney to confess, strictly construed—confession in vacation.* If it is doubtful from the language used in a power to confess judgment whether the maker intended that such judgment

might be confessed in vacation, the confession can only take place in term time.

3. SAME—*power to confess "as of any term" means at a term.* Power given in a warrant of attorney to confess judgment on a note "as of any term" means power to confess *at* some term, and does not authorize a confession in vacation.

*Whitney* v. *Bohlen,* 56 Ill. App. 287, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Putnam county; the Hon. THOMAS M. SHAW, Judge, presiding.

FRED T. BEERS, for appellant:

Graves is a stranger. He is not a party to the record of the action of *Whitney* v. *Bohlen.* Rev. Stat. chap. 3 sec. 42.

A foreign executor acts under the above statute when he appears in an action at law in this State as one taking the initiative or as an assailant. *Schuyler* v. *Mercer,* 4 Gilm. 23, has peculiar application to the principle here involved. *People* v. *Peck,* 3 Scam. 118; *Keefer* v. *Mason,* 36 Ill. 406; Schouler on Executors, secs. 15, 164, 173, 179, and authorities.

The court should have sustained appellant's cross-motion to strike the motion to vacate from the files. *Durham* v. *Heaton,* 28 Ill. 273; *French* v. *Miller,* 126 id. 620, and authorities cited.

Graves' motion is analogous to and in the nature of a plea in abatement. It is the reasons he gives in the motion for his appearance in place and stead of the defendant which create the analogy. *Life Ass. of America* v. *Fassett,* 102 Ill. 319; *McNab* v. *Bennett,* 66 id. 159.

The promisor said, "Confess judgment against me as of any term," or, supplying the ellipses, "Confess judgment against me, which judgment shall be the same as if it were a judgment of any term of court of record." The meaning of the phrase is made clear without changing or losing, in any manner, a single word of the warrant. *Walker* v. *Krebaum,* 67 Ill. 252.

The statute (chap. 110, sec. 65,) provides for judgments in vacation, and gives them exactly the same force as if taken in term. Judgments by confession in vacation are to be encouraged. *Durham* v. *Brown*, 24 Ill. 94.

It should not unnecessarily be so construed as to defeat the clearly expressed intent. *Holmes* v. *Bemis*, 124 Ill. 456; *Holmes* v. *Parker*, 125 id. 479; *Keith* v. *Kellogg*, 97 id. 151.

Otis & Graves, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

On August 3, 1892, judgment by confession was entered in the circuit court of Putnam county, in vacation, against Philip R. Bohlen, in favor of appellant, George I. Whitney, for $15,600 and costs, upon the following note:

*"January 17, 1884.*

"Five years after date I promise to pay to the order of Jake Hill, $10,000, without defalcation, value received, with interest from date; and I do hereby empower any attorney of any court of record, within the United States or elsewhere, to appear for me and confess judgment against me as of any term for above sum, with costs of suit," etc.

Which was signed by P. R. Bohlen. It had been duly assigned by the payee to Whitney prior to the entry of said judgment. At the October term, 1892, being the first term after the judgment, R. C. Graves made a special appearance as executor of Bohlen, and filed his motion to vacate the judgment, for the reason, among other things, that it was absolutely void for want of jurisdiction of the person of the defendant, Bohlen, as shown upon the face of the record,—that is to say, "the paper purporting to be a warrant of attorney, filed in said cause, by its terms authorizes the confession of judgment thereon only in term time, and not in vacation." He at the same time filed an authenticated copy of the last will of Bohlen. Whitney, by his counsel, moved to strike the

motion from the files, upon the ground, as shown by an accompanying affidavit, that no notice thereof had been given the plaintiff. The appearance was not limited to the purpose of making that motion, but was general. The case was continued for the purpose of giving notice to the plaintiff, and at the next term (March, 1893,) the motion to vacate the judgment was overruled, as was also the motion to strike it from the files. Graves, as executor, appealed to the Appellate Court for the Second District, where the judgment of the circuit court was reversed and the cause remanded. At the March term, 1894, of the circuit court, the case having been re-docketed, on reconsideration of the motion to vacate the judgment by confession the same was allowed, and this appellant appealed to the Appellate Court. That court having affirmed the last judgment of the circuit court, this appeal is prosecuted.

Two principal grounds of reversal are urged: First, that the executor, Graves, showed no right to enter the motion to annul said judgment; and second, that the Appellate Court erred in its first judgment holding that the power of attorney upon which the judgment was confessed did not authorize the confession in vacation.

It appears that at the time Graves filed his motion to vacate the judgment, at the October term, 1892, he filed an authenticated copy of the will of Bohlen, but did not file a copy of his letters testamentary until March 6, 1893, the order overruling his motion being entered on the seventh of that month. Counsel for appellant contends that until such authenticated copy of his letters testamentary was filed, he, being a foreign administrator, could have no standing in the circuit court to have the judgment against Bohlen vacated. Conceding that the filing of the copy of letters testamentary was necessary to entitle Graves to a consideration of his motion, it seems clear that, having filed such copy before his motion was acted upon, he was not, as counsel says, a mere

stranger to the suit. But, as said by the Appellate Court, no such reason was assigned as cause for striking the motion from the files, or otherwise raised in the circuit court, and could not, therefore, be properly made the ground of reversal in this or the Appellate Court. We regard the first point as wholly without merit.

The principal question in the case is, did the power of attorney authorizing a confession of judgment upon the note in question authorize such a confession to be made in vacation? It will be observed that its language is, "to appear for me and confess judgment against me as of any term, for above sum," etc. Does the language "as of any term" mean that a confession could not be taken except in term time? That the judgment in question was not confessed as of any term of court is clearly shown by the proceedings under which the same was taken, they being entitled, "Vacation, after March term, 1892." It is conceded that the power to confess a judgment must be clearly given and strictly pursued or the judgment will be void. (*Tucker* v. *Gill*, 61 Ill. 236; *Chase* v. *Dana*, 44 id. 262; *Frye* v. *Jones*, 78 id. 627.) Other authorities might be cited to the same effect. While section 65 of chapter 110 authorizes the entry of judgment by confession, either in term time or vacation, without process, the prerequisite of such confessions is, if by an attorney, that he shall be duly authorized. If the language of the power was to confess judgment, without specifying that it might be done either in term time or vacation, then, under the rule announced in the majority opinion in *Keith* v. *Kellogg*, 97 Ill. 147, the holder of the note might elect to have the judgment confessed either in term time or vacation. But the power of attorney attached to this note is not silent as to whether the confession may be in term time or vacation, but clearly manifests an intention on the part of the maker of the note that the judgment should be confessed at some term of a court of record. The most that can be said from the

language used is, that it is doubtful whether the maker of the note intended to confer the power to confess judgment only at a term of court, or that it might be in vacation as of a past or approaching term. But, under the rule of strict construction above referred to, that doubt must be resolved against the broader construction, and so we think, in any view of the case, this power of attorney cannot be construed as authorizing a confession in vacation.

We are of the opinion that the Appellate Court has properly disposed of the questions raised upon this record in its decision published in 49 Ill. App. 435, and no good purpose would be served by extending this opinion in the discussion of these questions.

*Judgment affirmed.*