JAMES JARRETT, Respondent, v. L. M. SIPPELY
et al., Appellants.

St. Louis Court of Appeals. Aruged and Submitted May 5, 1913.
Opinion Filed June 3, 1913.

1. JUDGMENTS: Illinois Judgment: Judgment by Confession:
Entry by Clerk in Vacation. A judgment by confession, entered
by a clerk of a circuit court of Illinois, without any order of
court, on a promissory note payable in that State and contain-
ing a power of attorney authorizing any attorney of any court
of record to appear for the maker in said court, in term time
or vacation, and confess judgment, without process, for such
an amount as may appear to be unpaid on the note, is valid
under Sec. 88, Chap. 110, Hurd's Revised Statutes of Illinois
of 1912, as construed by the Supreme Court of Illinois; and,
in an action on such judgment in this State, all defenses to
the note that could have been interposed in the action on the
note are foreclosed to defendant.

2. ————: Foreign Judgments: Verity. A foreign judgment
which is valid under the statutes and decisions of the State in
which it was rendered is not subject to defenses originally
available, when sued on in this State.

3. ———: Judgment by Confession: Power of Attorney: Cognovit: Variance. Where a note contained a power of attorney to confess judgment and authorized the attorney to waive and release all errors that might intervene in the proceeding, and the *cognovit* filed by the attorney waived the right of appeal, the judgment rendered pursuant to such *cognovit* was not void on the ground that the *cognovit* went beyond the power conferred, since the variance was not material.

4. ———: ———: ———: Strict Construction. Powers of attorney to confess judgment are to be strictly construed and literally complied with.

5. ———: ———: ———: Rights of Assignee. A power of attorney contained in a negotiable promissory note, authorizing a confession of judgment, is available in favor of an indorsee of the note.

6. ———: ———: Compliance with Power of Attorney: Sufficiency of Showing. Where a promissory note, payable in Illinois, contained a power of attorney, authorizing any attorney of a court of record to appear in such court for the maker and confess judgment, and the certificates of the clerk and judge to a judgment rendered by confession under such power of attorney showed that the judgment was confessed in a circuit court of Illinois and that such court was a court of record, and the clerk of such court accepted the *cognovit* as being signed by the attorney, and the judgment rendered recited that the person who signed the *cognovit* was an attorney, it will be presumed that such person was an attorney of such court, and hence the judgment was not invalid for failure to show that the *cognovit* was signed by an attorney of a court of record.

Appeal from Pike Circuit Court.—*Hon. B. H. Dyer, Judge.*

AFFIRMED.

*D. A. Ball* and *J. E. Pew* for appellants.

(1) Authority given under the power of attorney as is set out in the note said to have been executed by the defendants must be strictly construed. Any departure therefrom deprives the court attempting to render judgment of any jurisdiction and renders its acts a nullity. Bank v. White, 220 Mo. 717; Spence v. Emerine, 21 N. W. 866; Weber v. Powers, 72 N. W. 1070;

Machine Co. v. Radcliffe, 137 U. S. 287; Grubbs v. Blum, 62 Tex. 426; 23 Cyc. 705. (2) The note said to have been executed by defendants, in the body of which is inserted the power of attorney, does not authorize a confession of judgment to the plaintiff. The note is payable to "A. H. Warren or bearer," but the record shows the following indorsement on back of the note: "Nov. 20, 1905, for value received pay to James Jarrett or order. A. H. Warren." The power of attorney does not authorize confession of judgment to anyone A. H. Warren might designate. Spencer v. Emerine, 21 N. E. 866. (3) The pretended judgment by the clerk of the circuit court of Adams county, Illinois, is not a judgment by confession as is authorized by the power of attorney, said to have been executed by defendants, for the reason that the said pretended judgment and record show that proof was offered and heard as to the execution of the note and power of attorney. Cushman v. Welsh, 19 Ohio, 536; Weber v. Powers, 72 N. E. 1070; Bank v. White, 220 Mo. 717. The power of attorney said to have been executed by defendants did not authorize the attorney to waive the right of appeal. Therefore said attorney exceeded his authority under said power of attorney and therefore deprived the court of jurisdiction. (4) There can be no question but that the note and power of attorney, said to have been executed by defendants, were made, according to indorsements on the note and the evidence of W. H. Sippely, and L. M. Sippely, in Missouri, therefore a Missouri contract, and should be construed by the laws of Missouri. Hartman v. Railroad, 39 Mo. App. 88; Insurance Co. v. Simons, 52 Mo. App. 357. (5) The defendants offered to prove all and every statement contained in their answer. Under the adjudications in Missouri it is permissable to show in a suit on a judgment from another State that the court which gave the judgment declared on had acquired no jurisdiction over the defendant, and con-

sequently the alleged judgment was no judgment. Barlow v. Steel, 65 Mo. 611; Marx v. Foneer, 51 Mo. 69; Eager v. Stover, 59 Mo. 87; Nopton v. Leaton, 71 Mo. 358; Bradley v. Welch, 100 Mo. 258; Weller Mfg. Co. v. Eaton, 81 Mo. App. 657; Hamill v. Talbot, 71 Mo. App. 22; Gibson v. Insurance Co., 10 N. E. 729; Anthony v. Masters, 62 N. E. 505; Pond v. Simons, 45 N. E. 48; Weber v. Powers, 72 N. E. 1070; 2 Black on Judgments, sec. 903.

*Pearson & Pearson* for respondent.

(1) Fraud, deceit and misrepresentation practiced in and about the procurement of the execution and delivery of the note sued on, after the same has been reduced to a judgment, in a suit on that judgment, constitutes no defense, and evidence thereof in such a suit on the judgment is inadmissible. Hamilton v. McLean, 139 Mo. 678; Bates v. Hamilton, 144 Mo. 1; Fears v. Riley, 148 Mo. 49; Lewis v. Williams, Admr., 54 Mo. 200; Payne v. Oshea, 84 Mo. 129; Murphy v. DeFranc, 105 Mo. 53; Stave Co. v. Butler Co., 121 Mo. 614; Geiwitz v. Landis, 124 Mo. App. 1; Cross v. Gould, 134 Mo. App. 585. (2) The judgment here sued on rendered by the clerk of the circuit court of Adams county, Illinois, in vacation is a valid judgment in the State of Illinois. Sec. 66, R. S. Illinois 1893, Sec. 88, chap. 110, Hurd's R. S. of Ill. Revision 1912; Keith v. Kellogg, 97 Ill. 147; Thomas v. Muellor, 106 Ill. 26; Kellogg v. Keith, 4 Ill. App. 386; Durham v. Brown, 25 Ill. 93; Roundy v. Hunt, 24 Ill. 599; Towle v. Gonter, 5 Ill. App. 409; Conkling v. Ridgly, 112 Ill. 36; Oppenheimer v. Giershafer, 54 Ill. App. 38. (3) The judgment sued on shows upon its face that it was a judgment by confession—nothing more, nothing less. Waugh v. Corchorn, 11 Mo. 367. (4) Judgments on confession on warrant of attorney, if valid in State were taken, are recognized and treated as valid in this State under the clause of the Federal Constitu-

tion which requires the courts of each State to give
full faith and credits to judgments of sister States.
Vennum v. Mertens, 119 Mo. App. 461; Crim v. Crim,
162 Mo. 554; Randolph v. Keiler, 21 Mo. 557; Harness
v. Green, Admr., 19 Mo. 323; Barney v. White, 46 Mo.
139. (5) Appellants contend that the note sued on is
a Missouri contract and should be construed by Mis-
souri laws instead of the laws of the State of Illinois.
Appellants are wrong in this contention. The note
sued on is dated at Chicago, Ill., made payable at the
Colonial Trust & Savings Bank, Chicago, Ill., to A. H.
Warren or bearer, and for value received. This makes
it an Illinois contract controllable by the laws of that
State. Bank v. Cooper, 85 Mo. App. 383; Trower
Bros. v. Hamilton, 179 Mo. 205; Vennum v. Mertens,
119 Mo. App. 461; Clark v. Porter, 90 Mo. App. 143;
Johnson v. Machine Co., 144 Mo. App. 436.

REYNOLDS, P. J.—This is an action on a judg-
ment rendered in vacation by the clerk of the circuit
court of Adams county, in the State of Illinois. The
note upon which that judgment was rendered is as fol-
lows:

"$150                    Chicago, Ill., Nov. 1, 1905.

"On or before Feb. 1, 1906, after date, for value
received, I, we, or either of us, promise to pay A. H.
Warren, or bearer one hundred and fifty dollars, at the
Colonial Trust & Savings Bank, Chicago, Illinois, with
interest at 7 per cent per annum from date until paid.

"And to secure the payment of said amount, I
hereby authorize irrevocably any attorney of any court
of record to appear for me, in such court in term time
or vacation, at any time hereafter and confess judg-
ment, without process, for such amount as may ap-
pear to be unpaid thereon, including a fifteen per cent
attorney fee, together with costs and all other expen-
ses, and to waive and release all errors which may in-
tervene in any such proceedings and consent to im-

mediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof. The interest on this note is payable quarterly, and the entire note to be due when there is interest due and unpaid. All delinquent interest is to draw seven per cent for the time delinquent. The makers and endorsers hereof waive demand, notice and protest.                           L. M. SIPPELY,
                                 ''W. H. SIPPELY.''

Under date of November 20, 1905, the payee of the note indorsed it for value to James Jarrett, the respondent here, plaintiff below.

It appears by the certified copy of the judgment that on the 20th of December, 1906, a declaration or narrative, as it is called, with affidavit and note attached, as well as a *cognovit,* were filed with the clerk of the circuit court in vacation. The narrative sets out the execution of the note, its indorsement for value and before it was due to respondent and the failure of the makers, appellants here, to pay. The *cognovit* entered in the cause and before the clerk is in the usual form of a *cognovit actionem,* setting up that the makers of the note appeared before the clerk by their attorney, waived service of process, admitted the execution of the note, saying that they cannot deny the action of plaintiff, nor but that they, the defendants, undertook and promised in manner and form as set out, nor but that the plaintiff has sustained damages on occasion of the non-performance of the several promises and undertakings in the declaration mentioned, including the sum of $24.28 for his reasonable attorney's fees for entering up this judgment over and above his other costs and charges by him about his suit in this behalf expended to the amount of $186.20, ''and the said defendants further agree that no writ of error or appeal shall be prosecuted on the judgment entered by virtue hereof, nor any bill in equity filed to interfere, in

any manner, with the operation of said judgment, and that they hereby release all errors that may intervene in entering up the same, or issuing the execution thereon, and consent to immediate execution upon such judgment." This is signed, "W. P. Martindale, Defendants' Attorney." To this is attached the affidavit of A. H. Warren, the payee of the note, to the effect that he is acquainted with the makers, saw them sign the note and power of attorney and that the signatures to the note and power of attorney are the genuine signatures of the defendants; that they are alive and that the debt is due and unpaid. Whereupon judgment was entered up by the clerk of the circuit court in vacation which, following the title of the cause, recites that on the 20th of December, 1906, in vacation, before the clerk of the circuit court, the above named plaintiff comes by his attorney and files his declaration, the note sued on and power of attorney and proof of execution of note and power of attorney, "and also come the defendants by W. P. Martindale, their attorney, who enters the appearance of the defendants herein, files his *cognovit*, waives issue and service of process, and confesses judgment in favor of the plaintiff and against the defendants for the sum of $186.20, and waives all right of appeal and all errors that may intervene in entering judgment and issuing execution thereon. It is therefore considered that said plaintiff have and recover of said defendants the said sum of $186.20, for his damages and also his costs and charges by him herein expended and that he have execution therefor." Following a taxation of costs are the certificates of the clerk, of the judge of the circuit court and of the clerk, all in due form as provided by the act of Congress, governing and regulating such certificates. [See 3 Rev. Stat. Mo. 1909, p. 3711, *et seq.*]

Setting up the rendition of this judgment, the petition prays for judgment thereon in the sum of $186.20 and interest thereon at the rate of 7 per cent per an-

num from the date of the judgment and for the sum of four dollars taxed as costs therein and for costs of this proceeding.

The amended answer of defendants, admitting that on or about the 1st of November, 1905, they signed what was represented to them as an ordinary promissory note, denies that they signed the *cognovit* authorizing and empowering any attorney of any court of record to appear and confess judgment for them in any court of record, and avers that if their names are to any such a document it is a forgery or that they were fraudulently deceived by plaintiff and by said Warren, both of whom were present at the time of the execution and delivery of the note. They therefore aver and charge the fact to be that at the time of the execution of the note for $150, plaintiff and Warren then and there falsely and fraudulently represented to them that they were only signing a promissory note and falsely and fraudulently concealed from them, if it is a fact that they did sign, that they were also signing the said *cognovit;* that relying upon the statements of plaintiff and Warren, defendants signed the note believing at the time that they were simply signing an ordinary promissory note. Further answering, they allege that the note was obtained from them without any consideration of any kind, all of which plaintiff well knew. It is further alleged that the note was executed and delivered in Pike county, Missouri, and that it was on a representation made by Warren in the presence of plaintiff that he could cure one of the defendants of a disease from which he was suffering, and that relying upon these representations, which were false, fraudulent and untrue, as known to plaintiff and Warren, defendants signed what was represented to them to be an ordinary promissory note; that the note they signed, being an ordinary promissory note, as they aver, being the only note of any kind or description which they signed, executed or deliver-

ed to Warren, they aver that it was made and executed and delivered to Warren at the home of the defendants in Pike county, Missouri. They also deny that they ever appeared in the circuit court of Adams county, Illinois, or that they were ever served with process from that court to appear and defend the action; deny that they ever employed Martindale or any other attorney to appear in court for them. Wherefore they aver that the court did not obtain jurisdiction of the person of the defendants. They further aver that the judgment relied on was obtained by fraud on the part of plaintiff in that he well knew at the time that defendants did not sign the *cognovit;* that they were residents of Pike county, Missouri; that the note was made, executed and delivered to Warren in Pike county, Missouri, but knowing these facts to be true, plaintiff had falsely and fraudulently withheld them from the Adams Circuit Court at the time of the rendition of the judgment and had led that court to believe that the note was executed and delivered in the State of Illinois. Hence they aver that the judgment, at the time it was rendered, was fraudulently obtained and therefore void. Finally and further answering, they aver that the judgment claimed to have been rendered by the Adams County Circuit Court in the State of Illinois did not conform to the *cognovit* set out by the transcript of the clerk of said court and is therefore void.

A general denial by way of reply was filed to this.

The cause was tried before the court, a jury being waived, and plaintiff offered in evidence the duly certified copy of the judgment before referred to.

Four objections were made to the reception of this certified judgment in evidence: First, that it was not a judgment by confession because on its face it shows that evidence was heard. Second, that it goes further than is authorized by the *cognovit* in that it waives all right of appeal. Third, that it does not find as a fact

that W. P. Martindale, who pretended to represent defendants, was at the time of the rendition of the judgment offered in evidence, an attorney of record of the circuit court of Adams county, State of Illinois. Fourth, because the *cognovit* or power of attorney does not authorize any attorney outside of the State of Missouri to enter the appearance of the defendants and confess a judgment against them. These objections were all overruled by the court, defendants excepting. Thereupon the record of the judgment above referred to, certified as above, was admitted and read in evidence.

Plaintiff also read in evidence section 66 of the Revised Statutes of 1899 of the State of Illinois, and a decision of the Supreme Court of that State in Roche v. Beldam, 119 Ill. 320, 10 N. E. 191.

This was plaintiff's case, whereupon defendants requested the court to find for defendants upon the evidence. This was overruled, defendants excepting.

In support of their defense both defendants were offered as witnesses. They testified that they lived on Buffalo Creek, in Pike county, Missouri; were never in Chicago; were not in Illinois on November 1, 1905; were acquainted with Warren, the payee, and Jarrett, the holder, of the note. All of this evidence was received over the objection of plaintiff, counsel for plaintiff stating that their position was that it did not make any difference how much fraud in the execution and delivery of the note there may have been, as all matters connected with the execution of the note were merged in the judgment, and that the only evidence that defendants can have or offer in support of their defense is as to the validity of the judgment. Defendants then asked these witnesses what time in the day Warren and the plaintiff in the case had come to their premises in Pike county. This was objected to as immaterial. The court asked counsel for defendants for what purpose they were offering this evidence. Coun-

sel stated that he proposed to show by these witnesses that the note set out was not the note they signed, nor had they authorized any attorney to sign the *cognovit* nor did they sign the *cognovit* set out in the judgment nor authorize anybody to sign their names to it, and that if their names are signed to the note as here set out, it is either a forgery or they were deceived at the time they read the note and signed it.  To this counsel for plaintiff objected that that would have been a good defense to the note before the Illinois court, but.not to this action on the judgment.  The court sustained this objection, defendants excepting.  Counsel for defendants then offered to prove by these witnesses that at the time the note was prepared it was an ordinary promissory note with no *cognovit* or power of attorney to it, authorizing anyone as their attorney to appear and enter judgment or otherwise for them; that they proposed to show by these witnesses that this man Warren, with the plaintiff in this case, first having visited the home of the witness, and after making misrepresentations and Warren misrepresenting himself, succeeded in getting an ordinary promissory note and that the note was without any consideration.  This was objected to for the reason as before stated and the objection sustained.

This was all the testimony offered by defendants and at its conclusion they again requested the court to find for them under the evidence.  This was refused, defendants excepting.  The court taking the cause under advisement, afterwards found in favor of plaintiff and rendered judgment in his favor in the sum of $250.  Interposing a motion for new trial and excepting to that being overruled, defendants duly perfected their appeal to this court.

The decision of this cause lies within a very small compass and turns upon the validity of the judgment entered in vacation before the clerk of the circuit court of Adams county, Illinois.  The statute of Illinois re-

lied upon, section 66, Illinois Revised Statutes 1899, p. 1292, which will also be found in Hurd's 1912 Edition of the Revised Statutes of Illinois, as section 88, chap. 110, p. 1782, is as follows: "Any person, for a debt bona fide due may confess judgment by himself or attorney duly authorized, either in term time or vacation, without process. Judgments entered in vacation shall have like force and effect, and from the date thereof become liens in like manner and extent as judgments entered in term."

This statute has been construed by the Supreme Court of the State of Illinois, not only in Roche v. Beldam, supra, but in many other cases. Roche. v. Beldam, however, was a judgment in the circuit court in term and not before the clerk. It is in point in support of the proposition made by counsel for respondent, that a record on the judgment by confession imports absolute verity and cannot be contradicted, the Supreme Court of Illinois saying in that case, (119 Ill. at page 323, 10 N. E. at page 192): "When the record is once made up, it is conclusive upon all parties until altered or set aside by a court of competent jurisdiction, and so the adjudged cases all hold."

In Keith et al. v. Kellogg et al., 97 Ill. 147, the question came directly before the Supreme Court of that State as to the construction of this section 66. In that case the warrant of attorney was almost identical in language with the one before us, with this very notable exception, that where, in this warrant, judgment is authorized to be entered "in term time or vacation," the one before the court in Keith v. Kellogg, supra, authorized and empowered any attorney at law of the State of Illinois, "to appear before any court of record in this State and confess judgment," etc. The question there presented was whether the terms "before any court of record," etc., ex vi termini, excluded the power to enter up judgment on confession in vacation before the clerk. The judgment had been

taken before the clerk in vacation. It is said by the court (loc. cit. 153) that if the warrant of the attorney in the case had in express terms authorized an appearance and confession of a judgment in any court of record in the State either in term time or in vacation, the court would presume that no one would question the validity of the judgment under the above section 66, and the court concludes (loc. cit. 154): "Where a judgment is entered in a circuit court in vacation under the provisions of the above section, in pursuance of a proper warrant of attorney, as soon as the entry is made it becomes, by the force and sentence of law, a judgment in a court of record, and, as such, has the same force and effect as any other judgment." Two of the justices of the Supreme Court, Mr. Justice WALKER and Mr. Justice SCOTT dissented, holding that the power of attorney before the court conferred no power to confess judgment in vacation. Afterwards, however, in Conkling v. Ridgely & Co., 112 Ill. 36, 44, 1 N. E. 261, 265, 54 Am. Rep. 204, where the point was made that the clerk of the circuit court had no authority to enter a judgment by confession in vacation without an order from the judge directing it to be done, it is said by the court, citing several cases, that it has been repeatedly held that the entry of a judgment in vacation is not a judicial act; that under the Illinois law the judge has no power to make orders in vacation unless it is conferred upon him by statute and that the statutes giving powers to the judges in vacation do not include the power to order the entry of judgments by confession. Continuing, the court says (1. c. 44): "It is true the statute does not in terms authorize the clerk to enter up the judgment; but as it provides that judgments may be confessed in vacation, it by necessary implication gives such authority." Mr. Justice WALKER was a member of the court who appears to have concurred in this opinion, only one of the justices,

Mr. Justice CRAIG, dissenting. So that we may assume that Keith v. Kellogg, supra, states the rule of decision in Illinois.

In Whitney v. Bohlen, 157 Ill. 571, 42 N. E. 162, the question was again distinctly presented as to whether a judgment by confession could be taken before the clerk in vacation and the rule announced in Keith v. Kellogg, supra, again recognized as correct. We hold, therefore, that under the construction of this section of the Illinois statute, so placed upon it by the Supreme Court of that State, the judgment here entered on confession and before the clerk in vacation stands as the judgment of the court and is entitled to the same presumptions, the same force, and is as conclusive, as if entered by the court in term, and that the trial court committed no error in admitting the certificate of it in evidence and in overruling the objections to it made by counsel for appellants.

It is urged that this confession or *cognovit* goes beyond the power conferred, in that it waives the right of appeal. We do not think that this variance is material. In and by the power of attorney the makers of the note authorized the attorney "to waive and release all errors which may intervene in any such proceeding." With such a waiver any appeal would have been useless. Furthermore, if an appeal had been attempted from this judgment, the question as to whether the attorney had gone beyond the power conferred in waiving the right of appeal, might arise. In any view of the point, we do not think that it is such a variance as to in any manner constitute a departure or a fatal variance, rendering the judgment void. We do hold, fully recognizing the rule announced in all of the cases in our court, as well as in other courts, in which like powers of attorney and judgments entered thereunder have been the subject of adjudication, that these powers of attorney are to be strictly construed and literally complied with. [See First National Bank

of Kansas City v. White, 220 Mo. 717, 120 S. W. 36.]

We are referred by the learned counsel for appellant to the case of Spence v. Emerine, 46 Ohio St. 433, 21 N. E. 866, 15 Am. St. Rep. 634, a decision by the Supreme Court of Ohio, as holding that the warrant of attorney conferred no authority to confess judgment against the maker of the note in favor of the holder to whom the payee had transferred the note by delivery. It is true, the decision in that case does lend some color to this claim, but several of the Illinois decisions we have referred to above are to the contrary. We see no reason why the latter should not be accepted here. This note is a negotiable instrument, under sections 9972 and 9973, Revised Statutes 1909, parts of the "Negotiable Instrument Law." It is true that the statutes of Illinois on this matter were not in evidence here but looking at them we find that sections 19 and 20, Hurd's Edition Illinois Statutes, 1912, p. 1591, are identical with the above sections of our own law.

In Vennum v. Mertens, 119 Mo. App. 461, 95 S. W. 292, a judgment by confession was rendered on a note practically identical with the one before us, and the judgment was rendered by confession in favor of the party to whom the note had been assigned, it having been duly indorsed, says our court, by the payee and delivered to the plaintiff on the day of its date, which was before maturity. Therefore, the point made by learned counsel for appellants, that there was no authority, under this power of attorney, to enter up judgment in favor of any one except the original payee, cannot be sustained.

We think that the learned trial judge was not in error in the exclusion of the evidence offered by appellants.

Our Supreme Court in Crim v. Crim, 162 Mo. 544, 63 S. W. 489, 54 L. R. A. 502, 85 Am. St. Rep. 521, has, as we think, settled all of the questions attempted to be raised by counsel for appellants over the introduction

of evidence in the case. In that case evidence was received attacking the consideration of the note, the answer setting up practically the same defenses that were here attempted to be made to this judgment and the note on which it was based. The trial court instructed the jury, of its own motion, that their verdict would be for the plaintiff for the full amount of the judgment sued on and interest, "unless you further believe from the preponderance, or greater weight of the evidence, that the defendant, at the time he signed the note upon which the judgment sued on is based, had no knowledge that the said note contained a power of attorney to confess judgment, and had no intention to sign such a note, in which case your judgment will be for defendant." There was a judgment for defendant, from which plaintiff appealed. Our Supreme Court held that the trial court had erred in giving this instruction; that neither the answer nor the evidence showed any defense to the suit and that the trial court should have directed a verdict for the plaintiff. The opinion in Crim v. Crim, was first rendered by Division No. 1, and on the dissent of Judge VALLIANT transferred to the court in banc, where in an opinion by Judge MARSHALL, who had delivered the one in Division No. 1, the question of the conclusiveness of the judgment is very fully gone into, it being reiterated that a judgment of this kind, rendered on confession, in a court of a sister State, is under the protection of the first section of the fourth article of the Constitution of the United States, which ordains that "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other State."

It is said by counsel for appellants that it does not appear that the attorney who signed the *cognovit* was an attorney "of any court of record." The certificates of the clerk and that of the judge show that the circuit court of Adams county, Illinois, is a court of record;

the clerk of that court accepted the *cognovit* as being signed by an attorney; the judgment recites that the person who signed the *cognovit* is an attorney. We think it a fair presumption that he was an attorney of that court.

Without going into the case any further, we think on the authority of the decisions we have referred to above, namely, those of the Supreme Court of the State of Illinois, of the Supreme Court of our State, and of our own court, the judgment here rendered and on which this action was instituted, is a valid judgment of a court of record of the State of Illinois and as such is entitled to full faith and credit in the courts of this State and is not open to attack in our courts on any of the grounds here attempted in behalf of the appellants.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.